DALTON v. JENNINGS.

Letters-patent No. 124,340, issued to John Dalton, March 5, 1872, for "an alleged new and useful improvement in ladies' hair-nets;" are void, because his specification and claim precisely and accurately describe various fabrics which had been made and were in public use for a long time previous to his application.

APPEAL from the Circuit Court of the United States for the Southern District of New York.

This was a bill filed for an account, and for an injunction restraining the defendant from infringing Dalton's letters patent. Upon the final hearing of the cause the court below dismissed the bill, and Dalton appealed here.

*Mr. J. Vansantvoord* for the appellant.

*Mr. Arthur* v. *Briesen* for the appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

On the fifth day of March, 1872, there was issued to the

complainant below, and appellant here, John Dalton, a patent, No. 124,340, for a new and useful improvement in ladies' hairnets, in which he claims as new " a head or hair net composed of a main set of meshes fabricated of coarse thread, combined with an auxiliary set or sets of meshes fabricated of fine thread, substantially as described." In his specification, he says that the nets in use before his invention were composed of coarse threads so far apart that the meshes or interstices were too large and permitted the hair to protrude through them, and that his invention consists in combining with these coarse threads and larger spaces a finer thread crossing these spaces as often as is necessary to confine the hair, which thread, from its fineness, is mainly invisible. He gives directions for the use of this finer thread in making the meshes, in which there is nothing he claims to be new. His claim is not for the process of making the net, but for the new product made in the manner prescribed.

The defendant relies on want of novelty, produces some fifteen or sixteen specimens of fabrics and designs which he alleges to be anticipations of plaintiff's production, and refers to as many persons who were making or selling fabrics which are identical with that patented by plaintiff.

If the netting patented by appellant had been produced by him for the first time, it would be difficult to find in it or in the process by which it is made any thing deserving the name of invention within the meaning of the patent law. If the spaces between the threads of the netting were too large, thereby permitting the escape of the hair, there is nothing new in the idea that making them smaller would remedy the evil. If the size of the threads then in use was too large for beauty, neither discovery nor invention were necessary to reduce it. There is nothing new in the number of these threads, in their size, nor in the manner in which they are crossed and connected. Where, then, is the invention? Is it in the fact that some of the threads are coarser and some of finer size? This can hardly be invention, since gauze and netting have been made with threads or cords of unequal size time out of mind, and with varying and equal or unequal spaces between them.

Turning from this view of the subject, the evidence and the exhibits produced by defendant show a number of fabrics long in use, in which the meshes are made by larger cords or threads crossing each other at various angles, with smaller threads filling up the space and making the interstices smaller.

Defendant's exhibit No. 16 is a piece of lace with spaces separated and bounded by a larger thread or cord, which are subdivided into much smaller spaces by a smaller thread, that is proved to be fifteen years old, and may have been fifty.

Exhibit No. 12 is a tidy with very large cords, like floss, with spaces between each, and across these spaces diagonally are four threads dividing that space into four smaller ones. It is proved that from this Dalton tried to get a workman to get up a pattern for his hair-nets.

Exhibit No. 11 is a mosquito bar, long in use, with large cords crossing each other about an inch or more apart, and smaller threads crossing this space each way, so as to make the interstices too small for the mosquito to get through, just as Dalton's net prevents the hair from escaping. It is the same device to remedy the same defect: only one is for mosquitoes and the other for hair.

Exhibit No. 6 is a hair-net consisting of larger cords crossing each other at equal distances, with finer threads passing over or around them, and filling up the space so as to reduce the size of the interstices. This was used and sold openly in New York in 1871.

Exhibit No. 2 is a hair-net made twenty years ago, in which the larger cords are knotted together at their crossing at regular intervals, and smaller threads between, so as to make the meshes smaller. We can see in this case no difference between this and exhibit of plaintiff, unless it be in the shape of the spaces large and small, and the manner in which the threads are connected. Neither of these is claimed by appellant as any part of his invention or as new, for he says this is a matter well known to lace-makers.

In the lace, in the mosquito bar, in the tidy, the fabric presents in each case the precise arrangement described in the plaintiff's patent. These have been long in use, and are well known.

In exhibits Nos. 2 and 6 we have the same fabric as appellant's, applied to the same use. It is impossible to call the hair-net or netting, for which appellant claims a patent, a new invention, or any invention of his.

*Decree affirmed.*