KING *v.* GALLUN & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF WISCONSIN.

Submitted October 10th, 1883.—Decided October 29th, 1883.

*Patents—Evidence.*

1. In his specification, A describes a process for placing hair in small bundles and by a bailing press uniting several bundles into a bale of a convenient size for transportation: *Held,* That this description does not show a patentable invention.
2. The court will take judicial notice of matters of common knowledge, and of things in common use.

This was a bill in equity brought by Wendell R. King, the appellant, against August Gallun and Albert Trostel, to restrain them from infringing letters patent No. 152,500, dated June 30, 1874, granted to the appellant for certain improvements in baled plastering hair.

The invention and its advantages are thus set forth in the specification :

"It is found that the wants of the trade in plastering hair require it to be compressed for transportation in packages of from three to five bushels ; this amount of hair forms a package of a good size to conveniently handle, weighing from twenty to forty pounds. The trade unit for the article of plastering hair is always the bushel ; it is sold by the bushel or by the multiple thereof.

"Heretofore this hair has been packed in a mass of a certain number of bushels baled together, varying in amount as the order required, so that when received the retail dealer was compelled to parcel out the same and weigh it to suit his customers. This is a disagreeable and difficult thing to do, as the hair is dirty and matted together, and after it is once removed from the case into which it has been compressed by a bailing press, is bulky and not easy to reduce again to a convenient package. For the convenience of the trade I propose to form the hair in small bundles of one bushel each, and unite several bundles into a bale of a convenient size for transportation.

"I first place a bushel of hair into a paper sack loosely, or only so far packed as may be readily done by hand ; several of these one-bushel packages are then placed side by side in a bailing press. I use for this purpose the bailing press heretofore patented to me ; they are thus compressed forcibly together, so that the bale produced will be a compact, firm bale, occupying only about one-fifth of the original bulk ; the paper bags which still envelop the individual bushels of the bale keep said bushels separate, and serve at the same time to protect the hair.

"The bale, after being compressed, is tied in the usual way, and is then in shape for transportation without further covering, although it may be desirable, if the bale is sent a long distance, to envelop it in a stout sacking cover. Hair baled thus may be separated by the retail dealer into bushel packages, each of which remains compressed into a small size, and is in convenient condition to handle."

The claim was as follows :

"Having thus described my invention, I claim as an article of manufacture the bale B of plasterers' hair, consisting of several bundles, A, containing a bushel each by weight, enclosed or incased in paper bags or similar material, and united, compressed, and secured to form a package, substantially as specified."

The defence was want of novelty in the alleged invention, and that the same was not patentable.

The circuit court dismissed the bill, and from its decree the complainant appealed.

Mr. L. L. Coburn for appellant.
Mr. Josiah Stark for appellee.

MR. JUSTICE WOODS delivered the opinion of the court.

We are of opinion that the patent of complainant does not describe a patentable invention. The claim is for an article of manufacture, to wit, a bale of plasterers' hair consisting of several bundles enclosed in bags, and compressed and secured to form a package.

It is evident that the patent does not cover any improvement in the quality of the hair. Its qualities are unchanged. It

does not cover the packing of the hair into parcels, or the size, shape, or weight of the parcels, nor the compression of the parcels separately. Nor does it cover the material of the bags which constitute the outer covering of the parcels. Complainant claims none of these things as secured by his patent. The packing of hair and other articles in parcels of the same shape, size, and weight, and the compression of the several parcels, has from time immemorial been in common use. Neither does complainant contend that his patent covers a single parcel or package of hair. All, therefore, that the patent can cover is simply an article of manufacture resulting from the compression and tying together in one bale of several similar parcels or packages of plasterers' hair. The object of this invention is thus set out in the specification: "For the convenience of the trade"—that is to say, to enable the retail dealer more easily to parcel out the hair in quantities to suit his customers—"I propose to form the hair in small bundles of one bushel each, and unite several bundles into a bale of convenient size for transportation." The invention and the object to be accomplished by it are thus seen to be contained with narrow limits.

In deciding whether the patent covers an article the making of which requires invention, we are not required to shut our eyes to matters of common knowledge or things in common use. *Brown* v. *Piper*, 91 U. S. 37; *Terhune* v. *Phillips*, 99 U. S. 592; *Ah Kow* v. *Nunan*, 5 Saw. 552.

The subdivision and packing of articles of commerce into small parcels for convenience of handling and retail sale, and the packing of these small parcels into boxes or sacks, or tying them together in bundles for convenience of storage and transportation, is as common and well known as any fact connected with trade. This well known practice is applied, for instance, to fine-cut chewing and fine-cut smoking tobacco, to ground coffee and spices, oatmeal, starch, farina, desiccated vegetables, and a great number of other articles. This practice having been common and long known, it follows that there is nothing left for the patent of complainant to cover but the compression of the bale formed of several smaller parcels. Can this be dignified by the name of invention? When the contents of

the smaller parcels are such as to admit of compression into a smaller compass, the idea of compressing the bale of the smaller parcels for transportation and storage would occur to any mind. There is as little invention in compressing a bale of several parcels of hair tied up together as in compressing one large parcel of the same commodity.

But it is perfectly well known that the compression of several packages of the same thing into larger packages or bundles is not new, and that it has long been commonly practised. Packages of wool, feathers, and plug tobacco have been so treated. The case of plug tobacco is a familiar instance. The plugs are formed so as to retain their identity and shape, the outer leaves of the plug forming at the same time a part of the plug as well as its covering. The plugs, after being so put up as to preserve their identity under pressure, are, as is well known, placed in a frame and subjected to pressure, and reduced to a smaller and compact mass, which is then boxed up and is ready for market. This is done in part for convenience in handling, transportation, and storage. When the box is opened by the retail dealer, the plugs can be taken out separately and sold. This method of treating plug tobacco would suggest to every one the compression into a bale, of distinct packages of plasterers' hair, and leaves no field for invention in respect to the matter to which the patent of complainant relates.

In view of the facts to which we have referred, which are of common observation and knowledge, we are of opinion that the article of manufacture described in the specification and claim of the complainant's patent does not embody invention, and that the patent is for that reason void.

In support and illustration of our views, we refer to the following cases decided by this court: *Hotchkiss* v. *Greenwood*, 11 How. 248; *Phillips* v. *Page*, 24 How. 164; *Brown* v. *Piper*, 91 U. S. 37; *Terhune* v. *Phillips*, 99 U. S. 592; *Atlantic Works* v. *Brady*, 107 U. S. 192; *Slawson* v. *Grand Street Railroad Co.*, 107 U. S. 649.

The patent of complainant cannot be sustained by the authority of the case *Smith* v. *Goodyear Dental Vulcanite Company*, 93 U. S. 486, where the court said: "The invention

is a product or manufacture made in a defined manner. It is not a product alone, separate from the process by which it is created." In that case the invention was the product of a new process applied to old materials. In this case it is the product of an old process applied to old materials.

*Judgment affirmed.*