## SHENFIELD *v.* NASHAWANNUCK MANUFACTURING COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 19. Argued October 21, 1890. — Decided November 3, 1890.

In view of the previous condition of the art, the claim patented to Abraham Shenfield by letters patent No. 169,855, dated November 9, 1875, for an improvement in suspender button straps, involved no invention.

THIS was an appeal from a decree of the Circuit Court of the United States for the Southern District of New York, dismissing, with costs, appellant's bill of complaint filed for infringement of letters patent granted to him, dated November 9, 1875, No. 169,855, for an improvement in " suspender button straps." The cause was heard upon the pleadings and proofs. The opinion by Shipman, J., will be found renorted in 27 Fed. Rep. 808; 23 Blatchford, 541.

The specification and claim, with references to the drawings, were as follows:

" Suspender-ends have been made of leather, felt, jean, and similar material, with the button-hole cut in the same, and in most instances the materials have been pasted together, in addition to lines of stitching surrounding the button-hole.

" Suspender-ends have also been made of a round cord, with the ends turned back and fastened to form loops; but this round cord is objectionable, as it does not lie flat against the person or beneath the buttons.

" I make use of a suspender-end made of a double flattened cord or strip, bent around into a loop, and united together, leaving sufficient of the loop open to form the button-hole. At the other end the suspender-end is united to a buckle or clasp by a loop, or folded piece of leather, or other material stitched to the suspender-end. My suspender-end, made as aforesaid, is a new and very useful article of manufacture.

" In the drawing Fig. 1 is a perspective view of the suspender complete, and Fig. 2 illustrates the mode of making the suspender-end.

" The straps a and buckles b of the suspender are of any usual or desired character, and the suspender-ends c are received between the attaching-pieces d, and united by sewing or otherwise. Each suspender-end is formed of a flattened cord or strip folded to form the button-hole loop 2, and the edges united together, as at 3, so as to leave the necessary opening for the button.

" The cord or strip of flat material is composed of silk, linen, cotton, worsted, or other suitable threads, or a mixture of two or more, and the threads are woven, braided, knitted, crocheted,

or otherwise laid up into the form of a complete flat cord or strip, and when the strip is folded to form the button-hole loop the seam at 3 may be made by sewing, knitting, crocheting, or otherwise; or the knitting or crocheting is commenced at the central line 3, and extended at both sides thereof and around the button-hole by the successive ranges of interlocked loops.

" This suspender-end can either be made by hand or by machinery.

" I claim as my invention —

" The suspender-end made of a flat cord or strip of fibrous material, bent into a loop, laid flatwise, united at the inner edges 3, and connected to the attaching-pieces $d$, as set forth."

It was stipulated: " That prior to the year 1870 there had frequently been publicly used in the manufacture and wearing of cloaks and jackets button-loops formed of flat braid bent edgewise upon itself and sewed together at the meeting edges, leaving an opening for the button-hole at the bend; that the ends of the braid in such button-loops were permanently attached to a button or like device which was affixed to one side of the body of the garment, and that the button-loop held the garment together by being buttoned on to a button or like device sewed to the other side of the garment, and that when in use the braid forming the button-loop rested under the button, and that such braids were made by machinery."

Various letters patent were put in evidence on defendant's behalf, as follows: To H. F. Briggs, No. 5565, dated May 16, 1848, for " Improvement in Shoulder Braces;" to J. Hotchkiss, No. 8606, dated December 23, 1851, for " Improvement in Suspenders;" to J. Hotchkiss, No. 11,160, dated June 27, 1854, for "Improvement in Manufacturing Suspender-Ends;" to D. W. Canfield, No. 37,149, dated December 16, 1862, for " Improvement in Combined Shoulder-Brace and Suspender;" to A. W. Upton, No. 47,348, dated April 18, 1865, for " Improvement in Suspenders;" and to T. J. Flagg, No. 144,970, dated November 25, 1873, for " Improvement in Suspenders." There also appeared in evidence a description and illustration of crocheted towel loops, from Harper's Bazar of September,

1868, and an extract from the same publication of July, 1871, with a design showing a crocheted suspender-end united at the inner edges just above the button-hole and attached to a crocheted attaching piece.

*Mr. E. N. Dickerson* for appellant.

*Mr. William A. Jenner* for appellees.

Mr. CHIEF JUSTICE FULLER, after stating the case as above reported, delivered the opinion of the court.

The suspender-end of the appellant's patent is a button-loop of flat cord or strip of fibrous material " bent edgewise upon itself and sewed together at the meeting edges, leaving an opening for the button-hole at the bend," as described in the instance of cloak-button loops made of flat braid. It appears from the specification, stipulation or proofs that suspender-ends of round cord, with the ends turned back and fastened to form loops, were known when this patent was procured, as were also suspender-ends of flat material and with the inner edges united by stitching, or by a clamp, just above the button-hole, so as to form it. The prior patents and the crocheted towel loops and suspender-ends also illustrate the common practice of uniting the suspender-ends to attaching pieces of leather or cloth.

We agree with the learned judge holding the Circuit Court, that it did not involve invention " to make a suspender-end of flat cord in substantially the same way that suspender-ends of round cord had been made, and in substantially the same way in which flat button ends had been made for the purpose of fastening or securing other articles of wearing apparel than trousers." The connection of the end to the attaching piece gave no patentable character to the loop and was old, as was the attachment to the buckle, nor was any new mode of operation produced by the combination of the devices in this article.

The decree of the Circuit Court is

*Affirmed.*