RYDER v. SCHLICHTER.

(Circuit Court, E. D. Pennsylvania. March 2, 1903.)

No. 10.

1. PATENTS—INFRINGEMENT—SILOS.

The Harder patent, No. 627,732, claim 4, covering "in a silo or tank, having a continuous opening from top to bottom, braces between the edges of the walls, forming the opening door sections for closing the opening, and reinforcing strips for the door sections, substantially as described," must be limited to the special form of braces and reinforcing strips described and shown in the specification and drawings, since such structures, generally speaking, were old, and as so construed the claim is not infringed as to either element by the construction shown in the Schlichter patent, No. 653,967.

In Equity. Suit for infringement of letters patent No. 627,732 for an improvement in silos, granted to George W. Harder, June 27, 1899. On final hearing.

C. A. Chase and S. O. Edmonds, for complainant.
H. C. Kennedy and E. H. Fairbanks, for respondent.

DALLAS, Circuit Judge. This bill of complaint charges the defendant with infringement of claim 4 of letters patent No. 627,732, dated June 27, 1899, granted to George D. Harder for improvements in silos. That claim is:

"(4) In a silo or tank having a continuous opening from top to bottom, braces between the edges of the walls forming the opening door sections for closing the opening and reinforcing strips for the door sections, substantially as described."

The specification contains the following:

"My invention relates to silos or tanks of that class in which a continuous opening is made from top to bottom, through which the contents are removed at intervals. It is particularly designed for tanks used for holding ensilage. I have shown the invention as applied to a round silo composed of various staves and hoops made on the same general principle as a barrel, except that the staves are straight. The vertical opening in this silo is made from top to bottom and practically continuous, and the opening is closed by a succession of boards or sections of doors inserted and removable from the top downward like the opening and sectional closing of an icehouse. I do not herein claim, therefore, the vertical opening from top to bottom, nor the round construction of the tank or silo, nor the means for closing formed in sections and

inserted so as to be removable from the top downward and arranged to be pressed against the wall or any part of the wall in an outward direction, as I am aware that these devices and elements are very old in the same or analogous structures. My invention relates particularly to the special form of brace or stay piece for holding the edges of the opening at the proper distance from each other to prevent collapse, and, further, in the special means for holding the sections of the door firmly in place. My invention is illustrated in the accompanying drawings."

These extracts, I think, make it clear that a silo, though having a continuous opening from top to bottom, is not covered by the fourth claim, unless it be furnished with the braces and reinforcing strips called for; and the question which at the outset is presented, therefore, is, what, as respects these essential elements, does the claim embrace? Does it comprehend all devices which may be inserted between the edges of the walls to prevent them from moving, and all contrivances designed to hold the door sections firmly in place, or should the claim be so construed as to limit its scope to the braces and reinforcing strips specifically described and shown, notwithstanding the fact that the broadly inclusive terms of the claim are not coupled with any words of qualification other than the phrase "substantially as described"? With reference to this question, it may, in the first place, be remarked that the courts are not required to shut their eyes to matters of common knowledge or things in common use (King v. Gallun, 109 U. S. 101, 3 Sup. Ct. 85, 27 L. Ed. 870); and, surely, it may safely be said that, generally speaking, braces for holding the edges of an opening at the desired distance from each other, and means for retaining doors or analogous movable parts in position, were commonly known and had been generally used long before this patent was applied for; and it is quite evident that the patentee was not ignorant of this, for in his specification it is said: "My invention relates particularly to the special form of brace or stay piece, * * * and, further, in the special means for holding the sections of the door firmly in place." The drawings, it is said, show "the invention," not an optional or preferred embodiment of it; and the braces, which it is again said "are made in special form," are explained with reference exclusively to that form which the drawings portray. So, too, as to the reinforcing strips. The specification states that certain variations in details, which are not now material, may be made without departing from the invention, but there is no suggestion whatever that anything other than the reinforcing strips which are specifically described and delineated would be within it. It has, however, been argued that, unless the fourth claim be broadly construed, it covers nothing which is not covered by the preceding claims, and I agree that a construction involving such a result should, if possible, be avoided. But in the present instance this consideration, if applicable, cannot be accorded controlling effect. It is not altogether inconceivable that a superfluous claim may have been improvidently allowed, but it is quite certain that no claim can, for any reason, be inclusive of anything more than the invention disclosed. I therefore hold that the claim alleged to have been infringed in this case must be restricted to a silo or tank having the specific braces and reinforcing strips described in the specification and shown in the drawings; and the only remaining ques-

tion which it is necessary to consider is whether or not those particular braces and strips have been appropriated by the defendant.

Patent No. 653,967 was issued to the defendant, July 17, 1900, for an improvement in silos or tanks. His silos are made in conformity therewith, except in this: that none of the hoops of the patent pass entirely around the silo, whereas the silos actually made do have two such hoops, one near the top and the other near the bottom of the structure. This case, however, is not concerned directly with hoops, but with braces and reinforcing strips, and as to them the issuance of the defendant's patent creates a prima facie presumption of patentable difference. Miller v. Eagle Co., 151 U. S. 186, 14 Sup. Ct. 310, 38 L. Ed. 121; Corning v. Burden, 15 How. 252, 14 L. Ed. 683. This presumption is not rebutted, but is supported, by the evidence. The specification of the patent in suit, after stating that the inventor's special form of brace was intended "to prevent collapse," further states that, "as a matter of course, the edges of this opening must be braced by crosspieces inserted between the edges to prevent the structure from collapsing." But there is nothing to indicate that the brace was to be so constructed as to prevent, not only collapsing, but also to overcome the tendency of the edges of the opening to become, under certain conditions, too widely separated. It was described merely as a brace, and not at all as a tie-rod, and, though it is now insisted that it really does perform the functions of both (which is at least questionable), this dual service was in no way assigned to it, and, indeed, appears not to have been thought of. On the contrary, I think it is manifest that to prevent expansion of the structure, and consequent widening of its door space, the hoops which were made to entirely surround the silo were wholly relied upon. The fact is that in any such erection, having a continuous opening from top to bottom, this widening will occur if some means be not employed to prevent it, and the complainant's expedient to this end is plainly and materially different from that of the defendant. The encircling hoops of the plaintiff precluded expansion, and consequently no contrivance to prevent the parting of the doorway edges was needful or was proposed. But the defendant's patent dispensed with the completely encircling hoops, and therefore it was requisite that by it some special means should be supplied to secure the opening against widening, and this was done by providing a device which is referred to in the defendant's specification as follows:

"I am aware that it has been proposed to construct silos with braces extending between the posts of the doorway and with hoops extending completely around the silo; but when the silo swells only the braces resist the tendency of the door posts to move towards each other, it being noted that the continuous hoops cause this movement of the posts. In my invention the hoops extend only partially around the silo, and are connected at their ends to the posts. When the silo swells, the tendency of the posts is therefore to move outwardly and separate, due to the outward pull exerted by the hoops, c, which do not correspondingly lengthen. This is resisted by the crossbars, d, but there are no hoops that bind the silo that cause the posts to move inwardly. In other words, in the prior silo, to which I refer, when the staves swell there is a force pressing the posts together that is resisted by the crossbar, while in my invention there is a force drawing the posts apart resisted by the crossbars, d. In said device the greatest force presses the posts together to contract the doorway, while in my device it is the reverse."

In view of the construction which I have felt constrained to put upon the fourth claim of the plaintiff's patent, it seems to be clear that the braces which it calls for are not inclusive of the "crossbars" referred to above. The latter are not braces, but tie-rods. They are not improved braces. They are distinct things. The defendant's device, of course, bears some resemblance to that of the plaintiff, but it differs from it precisely as the different purpose for which it is intended requires. It is true that in practice the defendant has used two of the eight encircling hoops shown in one of the plaintiff's figures; but this user is not charged as an infringement, and I think that the only inference which it suggests (and that is not a necessary one) is that it has been found that the defendant's crossbars alone will not do all that he had expected they would. But this, if true, is unimportant. The question is not as to their efficacy, but as to their substantial identity with the braces of the plaintiff, and upon that question my opinion has been already sufficiently expressed.

The reinforcing strips of the patent sued on, in conjunction with the doorway staves of the silo, form grooves which hold the door sections in place. The purpose of the strips is to produce these grooves, and they constitute the "special means for holding the door sections firmly in place," to which the patent refers. Without applying the doctrine of equivalents much more liberally than is permissible in this case, it cannot be said that the defendant has made use of them. His door sections are held in place, not by grooves, but by wedging devices which operate at the middle of the doors; and the bevel at the sides of his doors and the door opening converges towards the outside of the silo, instead of towards the inside, and in this his construction is unquestionably superior to that shown and described in the patent of the plaintiff. But, in my opinion, the absence of the grooves alone suffices to differentiate the defendant's means for holding the door sections firmly in place from those of the plaintiff; and, therefore, as respects the reinforcing strips of the fourth claim, as well as its braces, my conclusion is that the complainant's allegation of infringement has not been sustained.

The bill of complaint is dismissed, with costs.