### ST. PIERRE et al. v. RED PATCH & RELINER CO., Inc., et al.
### No. 181.

Circuit Court of Appeals, Second Circuit.

Feb. 8, 1937.

Frederick S. Duncan, of New York City, for appellants.

Solomon M. Martin, of Brooklyn, N. Y. (Charles G. Hensley, of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The appellant appeals from that part of a decree, entered below, which holds Claim 1 of patent No. 1,879,584 granted September 27, 1932, not infringed. The patent is for an anti-skid device for motor car tires, and claim 1 provides:

"In an anti-skid device for automobile tires, the combination of a strap, a clamp for holding one end of it positively, a buckle to which the free end of the strap is adapted to be detachably connected and a chain connecting the clamp and buckle, said clamp and buckle being nearly of the same weight, whereby centrifugal force will not tend to advance either of them outwardly on the wheel to any material extent."

A device made pursuant to this patent consists of two parallel chains each connected at one end with a hook member and at the other end with the eyes of a detachable buckle. The fixed end of the strap is secured to the hook member in what may be a novel manner, that is, there is a member riveted against the face of the member and between them is formed a sinuous space or slot decreasing in width from one side of the member to the other. In this slot is clamped one end of the strap, the idea being to securely anchor one end of the strap to the member. The hook member and the member riveted against the face of the hook member are comparatively thick so that the combined parts are comparatively heavy. The hook member is also referred to as a clamp and the buckle is formed of a piece of metal having a square or rectangular opening through which the strap passes three times. The inventor in his patent says that the strap is drawn as tight-

ly as possible and "the end of the strap is passed in through the space between the strap itself and the bar 21 where it comes out on what may be considered the outer side of the buckle. * * * This is drawn as tight as possible and the handle 22 is then turned half way around so that the eccentric 20 binds the two layers of the strap between it and the bar 21. The turning of the eccentric takes up additional slack in the strap and binds it firmly."

As a witness, the inventor contended that his device is applied "relatively loosely on the tire," but it is our duty to hold the patentee to the theory of his patent as it is expressed in the specification, for such is deemed to be his conception at the time he expressed the idea of his invention. He cannot now state that his commercial unit is applied loosely to the wheel and claim this as a patentable feature of his invention, since it is inconsistent with his patent description.

Likewise in his patent he states: "It will be seen also that the clamp 13 with the cover plate 16 and the whole of the buckle are made of practically the same weight, but with a little less weight on the buckle than on the clamp. Thus any centrifugal force tending to turn the article on the wheel, if it is used much for driving, will tend to keep the device almost constant but, if it does move, the buckle, which is on the outside, will move outwardly with respect to the hub and away from a position in which it might come in behind the wheel where the space is limited."

From this it is clear that the clamp member with its cover plate is to be made slightly heavier than the buckle, and the statement must be deemed expressive of the differential weights on opposite sides of the unit. The teaching of the patent is that the clamp on the one side of the unit was slightly heavier than the buckle on the other side of the unit. In the appellees' device, the member to which the end of the strap is anchored and which represents in function the clamp member of the patent in suit is lighter in weight than the buckle member to which the free end of the strap is detachably secured. Thus the appellees' device is the reverse of the condition disclosed or explained in the patent. In the patent, the clamp member and the cover plate are heavy and are of greater weight than the buckle. If there is advantage, as claimed, in making the clamp end heavier than the buckle, the appellants cannot complain of the appellees' construction and there is no infringement. The appellees argue that the buckle member necessarily must be made of heavier material than the clamp member. Appellees cannot be charged with infringement of a patent in which the theory is developed and claimed that there is invention in the making of the clamp side heavier than the buckle side.

The patent was not granted for the idea of making the clamp and buckle ends of the same weight or of making the buckle end heavier than the clamp end, but was granted because the clamp end was heavier than the buckle. If the contention prevails that claim 1 is broad enough to cover a combination in which the buckle and clamp member are of the same weight, there is no invention, because that would be the obvious thing to do, and, if claim 1 is broad enough to cover a unit on which the buckle side is heavier than the clamp side, there is no invention. Indeed, that is contradictory to the teachings of the patent. Invention does not reside in doing the obvious thing nor from doing an undesirable thing. This invention is based on the idea of making the clamp heavier than the buckle. The patentee did not ask for protection against equal weights or unequal weight on the buckle side as against unequal weight on the clamp side.

That which if later infringes will, if earlier, anticipate. The priority of the Staggers patent No. 1,529,558 granted March 10, 1925, is indicated. This patent shows a chain unit having parallel chains, one end of which chain is attached to a wire member and the other end is connected with a similar member made of wire. A clasp for securing the chain to the wire member is of light construction. On the opposite end of the chain there is not only a clasp but a buckle composed of a number of parts which must necessarily cause the unit to be heavier on this side than on the opposite side. All the other elements of the appellant's combination are present in this unit, so that, if appellees' units infringe because the buckle side is made heavier than the clamp side, then the Staggers device, which also has more weight on the buckle side than the clamp side, has all the elements of claim 1 of the patent in suit. It is several years earlier. In view of the Staggers patent, the appellant's patent could only have issued upon the theory that claim 1 is limited to a combination in

which the clamp side is heavier than the buckle side.

There was no invention in applying a pliable strap for attaching a mud hook to a tire in view of the Reger patent No. 1,-653,781, granted December 27, 1927. This shows a mud hook or anti-skidding member which is attached to a perimeter of the tire by means of a pliable strap which passes under the felly, the ends being secured together by a buckle. This strap performs the identical function of the strap employed in the patent in suit.

Thus the use of a pliable strap for attaching the non-skid unit to a wheel had been previously taught. The best that may be said for the patent in suit is that the appellant adapted such pliable strap to the Staggers device. This did not constitute invention.

Decree affirmed.