Herbert A. Baker, of Boston, Mass., for plaintiff.

Richard Whiting, of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action involving a patent covering a device described in the application as a "Friction Stop for Bowling Alleys". The plaintiff charges infringement, and seeks an injunction and damages. The defendant denies the validity of the patent, asserting that the device is a mere mechanical expedient devoid of patentable invention, and denies infringement.

## Findings of Fact

The only claim in suit is claim 1, which reads as follows: "In a bowling alley having a foul line and an approach, a frictional element having a surface with a coefficient of friction materially greater than that of the approach arranged substantially flush with the surface of the approach, said friction element extending across said approach adjacent to said foul line."

As commonly constructed, a bowling alley has a runway leading to the alley which is divided from the alley itself by a painted foul line. A bowler slides over the runway, being careful not to slide over the foul line, and releases the ball with force on the surface of the alley. To obviate the likelihood of a bowler sliding over the foul line the plaintiff conceived the idea of inlaying on the surface of the runway next adjacent to the foul line a substance, such as rubber, which would have a materially higher coefficient of friction than the sliding surface of the runway. The natural result of this arrangement would be to impede, if not absolutely stop, the bowler's slide. This is desirable not only from the bowler's angle, but to the alley owner it would mean a saving in the cost of the upkeep and repair of the alley surface. Undoubtedly, the installation of the plaintiff's device in any bowling alley would be desirable from the point of view of both the bowlers and the bowling alley operators.

It is difficult to see where the device involves more than the exercise of mere mechanical skill. It is wide and common knowledge that on smooth surfaces, whether polished by nature or artisans, slipperiness can be overcome by the introduction of a friction-generating substance. Sand, ashes, or rubber mats on slippery surfaces, and rubber stair treads (see Hamilton Patent No. 632,715, issued September 12, 1899) are examples of this use. To place an anti-sliding material at a point on a slippery surface where it is desired to limit or impede the slide can hardly be said to reach the dignity of patentable invention. The plaintiff contends, because the defendant introduced nothing setting up prior art inconsistent with his patent, that the presumption of patentability which attaches on the issuance of the patent should govern the case. It is well-settled that a decision of the Commissioner of Patents is not conclusive on the point of invention, and the validity of a patent is always subject to an examination by the courts. Reckendorfer v. Faber, 92 U.S. 347, 23 L.Ed. 719, 723; National Mach. Corp. v. Benthall Mach. Co., 4 Cir., 241 F. 72, 77; Western States Mach. Co. v. Ferguson, D.C., 47 F.2d 775; Eloesser-Heynemann Co. v. Bayly-Underhill Mfg. Co., D.C., 29 F.2d 305, 308; Lettelier v. Mann, C.C., 91 F. 909, 916. As was said in J. J. Warren Co. v. Rosenblatt, 7 Cir., 80 F. 540, 543, certiorari denied 168 U.S. 710, 18 S.Ct. 943, 42 L.Ed. 1211: "This presumption cannot usurp the province of the court to declare what constitutes novelty. The court should give due consideration to the action of the patent office, but should not permit that action to control its deliberate judgment when it is manifest that there is no invention."

Invention must be a work of the inventive and creative faculty, and not merely the exercise of reason and experience. National Safety Lift Co. v. Anderson, 1 Cir., 276 F. 696, 698. It does not reside in doing the obvious thing. St. Pierre v. Red Patch & Reliner Co., 2 Cir., 87 F.2d 766, 767. Nor does the exercise of mere ingenuity constitute invention. Aro Equipment Corporation v. Herring-Wissler Co., 8 Cir., 84 F.2d 619, 622. I find that the plaintiff's device is not the result of invention, but results from the exercise of mere mechanical skill. I am intentionally not passing upon the question of infringement, because the evidence as submitted was unsatisfactory. If the validity of this patent is upheld in an appellate court, the case ought to be reopened for further evidence on the question of infringement.

## Conclusions of Law

From the above I rule and conclude that the plaintiff's patent No. 1,967,858 is invalid for want of patentable invention.