## E. CLEMENS HORST CO. v. GIBBENS & BLODGETT et al.
### No. 4270.

District Court, N. D. California, N. D.

May 6, 1943.

608

Chas. E. Townsend and A. W. Boyken, both of San Francisco, Cal., for plaintiff.

Arlington C. White, of San Francisco, Cal., and Devlin & Devlin & Diepenbrock, of Sacramento, Cal., for defendants.

WELSH, District Judge.

■ Plaintiff's Exhibits No. 14 and 15, marked for identification, will be admitted in evidence. Likewise, the testimony of E. Clemens Horst, Jr., relating to the granting of licenses by the plaintiff to various hop growers which included the two patents in suit, is admitted in evidence. Nevertheless, and giving due consideration to this and other evidence in the record in support of the validity of the patents in suit, I find in favor of the defendants on the issue of invalidity of the separator patent of E. C. Horst #1,488,249. The claim of the separator patent is, in my opinion, invalid for want of novelty and invention in view of the state of the art at the time of the issuance of the Letters Patent No. 1,488,249, as disclosed by the teachings and drawings of the expired patent to Horst, #1,-054,119, taken with the expired patents to Randolph, Poorbaugh and Compton, in evidence.

■ If invention were to be found in that part of the combination claim of the separator patent relating to the structure of the separating belt, the patent would still be invalid as claiming more than the patentee invented. The claim of the separator patent did not cover the separating belt alone. The separating belt was one of a combination of elements none of which performed any new or different function in the claimed combination over that performed by these same elements as shown in combination in the expired patent to Horst, #1,054,119. I consider the principle of Lincoln Engineering Co. of Illinois v. Stewart-Warner Corporation, 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008, controlling here.

■ As to the claim of Letters Patent, No. 2,114,712, covering a method for keeping the picking fingers of hop picking machines clean, I find that the burden of proving any infringement of the method described in the claim has not been sustained by the plaintiff. Plaintiff proved that defendants used coir yarn to string their hops in the field, and that some of the coir yarn which was still entwined with the vines passed through the hop picking machine in unison with the vines. There is no satisfactory evidence, however, that the defendants' operations were intended to or actually did result in the application of the method described in the claim of the patent, namely, of passing through the machine in unison with the hop vines a plurality of coir cords attached to the vines upon which the picking fingers rub while combing the vines, thereby removing any gummy substance tending to adhere to the picking fingers. Defendants were entitled to use coir yarn to string their hops. They were entitled to use the hop picking machine. Proof alone that the vines and coir yarn attached thereto were passed through defendants' hop picking machine does not establish that the method described in the claim of the patent was infringed upon.

Judgment for defendants with costs.

Let findings of fact, conclusions of law and judgment be prepared and submitted.