## E. CLEMENS HORST CO. v. OESTE.
### No. 6670.

United States District Court
N. D. California, N. D.
March 4, 1953.

Townsend, Townsend & Hoppe, San Francisco, Cal., for plaintiff.

White & White, San Francisco, Cal. for defendant.

LEMMON, District Judge.

"A Piece of String" is the title of one of DeMaupassant's best-known short stories. This Court is now being called upon to determine whether the plaintiff's patent of a coir string for cleaning hop picking fingers involves fiction of another sort; namely, an untenable legal fiction.

1. *The Complaint*

On June 6, 1952, the plaintiff filed its complaint, alleging infringement of United States Letters Patent No. 2,114,712, hereinafter referred to as "the patent".

Other allegations are:

The patent was issued on April 19, 1938, to Emil Clemens Horst, for an invention "in a method of keeping the picking fingers of the hop picking machines clean".

On November 22, 1938, Horst assigned the patent to the plaintiff. During the six-year period prior to the filing of the complaint, the defendant has infringed the patent by "practicing the patented method", processing approximately 3,315 bales of hops while so doing. A reasonable royalty for the practice of the patented method is 25 cents per bale. As a proximate result of the infringing acts of the defendant, the plaintiff has been damaged in the amount of $828.25 (sic).

The plaintiff demands "general damages" in the amount of $828.25, or, as an alternative, judgment for damages "not less than a reasonable royalty therefor". The plaintiff also demands judgment for such sum as may be fixed by the Court "above the amount found as actual damages sustained, * * * not exceeding three times the amount of such actual damages". Finally, the complaint asks for costs, interest, and "reasonable attorneys' fees".

### 2. The Answer

On July 21, 1952, the defendant filed her answer.

As her first defense, she avers that the complaint fails to state a claim upon which relief can be granted.

Under the caption of "Second Defense" the defendant does not deny that the patent was issued to Horst, but, for lack of information or otherwise, she denies all the other allegations of the complaint.

For a third defense, the answer avers, upon information and belief, that the patent is invalid because:

(A) Long prior to the alleged improvement claimed in the patent, or more than two years prior to the filing of the application therefor, the alleged improvements had been patented or described in printed publications, as follows:

| No. | Inventor | Date |
|---|---|---|
| 1,054,119 | Horst | Feb. 25, 1913 |
| 1,054,120 | Same | Same |
| 1,054,551 | Same | Same |

(B) Long prior to Horst's alleged inventions "in the alleged improvements" claimed in the patent the same or all material and substantial steps thereof had been known and used by others in the United States, particularly by the following:

(a) The patentees, "licensee (sic) and/or assignees of the patentees of the patents listed" above.

(b) By users of embodiments of the machines described and claimed in the patent.

The alleged invention covered by the patent is devoid of patentable novelty in view of the state of the art as shown by printed publications, etc., as well as by other practices commonly known and used by the public, particularly with reference to employing "the well known inherent characteristics * * * of Coir yarn or twine." It did not constitute "patentable subject matter" to substitute coir yarn or twine in lieu of other fibrous material in well known practices of picking hops.

The patent is invalid because its single claim defines an unpatentable aggregation of steps as distinguished from a patentable process or method.

The patent is invalid because of "double patenting" and an attempt by Horst to extend his monopoly "beyond the original term initially granted for his invention in hop picking machines."

By reason of the purchase of coir yarn or twine in the public domain for use in growing hops "thereon" and by reason of the plaintiff's knowledge of the use to which the defendant was putting the twine in the picking of hops by means of hop picking machines "incorporating hop picking fingers similar to those depicted in the drawing" of the patent, the defendant became vested with an implied license to practice the process defined in the patent's claim.

The prayer is that the Court declare the patent invalid and not infringed, dismiss the action, award the defendant costs and attorneys fees, etc.

The case was tried to the Court on January 13th and 14th, 1953.

### 3. The Patent

While the patent recites that "other cord or twine twisted or formed from a coarse

fibrous material may be employed", both the claim and the specifications emphasize the advantages of coir twine. In the latter Horst repeatedly refers to coir, stating, inter alia:

"From actual practice I have found that coir twine or cord is an ideal material for this purpose. Coir twine or cord consists of fibers of the cocoanut twisted into a cord. The fibers are tough and rather coarse and stiff. The cord is intertwined with the hop vines prior to feeding them through the picking machine. During the passage of the vine through the machine the picking fingers indicated at 2 and 3 will come in rubbing contact with the twine or cord shown at 4 and any sticky or gummy material adhering to the fingers will thus be rubbed off and the fingers will constantly and continuously keep clean."

The claim itself mentions only coir cords:

"Having thus described my invention, what I claim and desire to secure by Letters Patent is:

"A method of preventing any gummy substance from coating or accumulating on the picking fingers of a hop picking machine, which consists in passing through the machine while vines are being pulled through the machine and while the vines are being combed by the picking fingers, in unison with the hop vines a plurality of coir cords which are attached to the vines and intertwined therewith and upon which the fingers rub while combing the vines during the passage of the vines through the machine, thereby removing any gummy substance tending to adhere to the fingers."

The use of coir cord was also stressed in the argument of counsel.

### 4. *Recognition v. Invention*

The use of coir cords is well known in the hop picking industry. The case of E. Clemens Horst Co. v. Gibbens & Blodgett, D.C.Cal., 1943, 50 F.Supp. 607, 608, related in part to the same alleged patent that is now being considered. There this Court observed that "Defendants were entitled to use coir yarn to string their hops".

As far back as seventy years ago, it was settled doctrine that, in patent cases, "we are not required to shut our eyes to matters of common knowledge, or things in common use." [1]

In Kalich v. Paterson Pacific Parchment Co., 1943, 9 Cir., 137 F.2d 649, 651, the late Senior Judge Garrecht said:

"Patentees are not entitled to a monopoly for the judicious use of materials the use of which would produce the result to be expected from such selection. Recognition is not invention. [Cases cited]" [2]

### 5. *The Twilight of Gadgets*

The modern view regarding what Mr. Justice Douglas has characterized as "incredible" "gadget" patents "which the Patent Office has spawned" [3] has already been fully discussed by this Court recently in the companion cases of Thys Company v. Oeste, 111 F.Supp. 665, and Thys Company v. Oeste, 114 F.Supp. 403. In addition to the cases referred to in those opinions, there may be mentioned Himes v. Chadwick, 9 Cir., 1952, 199 F.2d 100, 106.

In his devastating excoriation of the "host of gadgets under the armour of patents—gadgets that obviously have had no place in the constitutional scheme of advancing scientific knowledge", Mr. Justice Douglas offers a list of "A few that have reached this Court" and "show the pressure to extend monopoly to the simplest of devices". In that list there are included two cases previously decided by the Su-

---

1. King v. Gallun, 1883, 109 U.S. 99, 101–102, 3 S.Ct. 85, 86, 27 L.Ed. 870.

2. See also Friend v. Burnham & Morrill Co., 1932, 1 Cir., 55 F.2d 150, 151 and Borders v. Ray, D.C.Mass., 1942, 44 F. Supp. 478, 479.

3. Concurring opinion in Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 1950, 340 U.S. 147, 156, 158, 71 S.Ct. 127, 133, 95 L.Ed. 162.

preme Court involving "cords" and "threads".

The first, Dalton v. Jennings, 1876, 93 U.S. 271, 274, 23 L.Ed. 925, involved an alleged "new and useful improvement in ladies' hair nets"; namely, "A head or hair net composed of a main set of meshes fabricated of coarse thread, combined with an auxiliary set or sets of meshes fabricated of fine thread". The Court held: "It is impossible to call the hair net or netting, for which plaintiff claims a patent, a new invention, or any invention of his."

The other "cord" case cited by Mr. Justice Douglas was Shenfield v. Nashawannuck Manufacturing Company, 1890, 137 U.S. 56, 59, 11 S.Ct. 5, 6, 34 L.Ed. 573. Mr. Chief Justice Fuller said: "We agree with the learned judge holding the circuit court that it did not involve invention 'to make a suspender end of flat cord in substantially the same way that suspender ends of round cord had been made, and in substantially the same way in which flat button ends had been made for the purpose of fastening or securing other articles of wearing apparel than trousers.'"

In the argument, counsel stressed the fact that the Patent Code of 1953, in Section 101, 35 U.S.C.A., specifically makes patentable "any new and useful process". But although the former law did not mention "processes" *eo nomine* as being patentable, 35 U.S.C.A. § 31, it was well settled even under the earlier statute that a process was patentable. The leading case on this subject is Tilghman v. Proctor, 1881, 102 U.S. 707, 26 L.Ed. 279. The new statute has not revolutionized American patent law.

But even if one bears in mind that this is a process patent, the use of any coarse fibrous material in the hop picking industry involves as little invention as the use of fine thread in hair nets or of flat cord in suspender-ends. All three are "gadget" conceptions.

### 6. *Conclusion*

The Court cannot find novelty or invention in this device. Consequently, the patent must be held to be invalid.

The defendant will serve and lodge proposed findings of fact and conclusions of law consistent with this opinion.