EASTMAN KODAK CO. v. ANTHONY & SCOVIL CO.

(Circuit Court of Appeals, Second Circuit. April 4, 1906.)

No. 154.

PATENTS—INVENTION—PHOTOGRAPHIC FILM.

The Turner patent, No. 539,713, for a photographic film roll, is void for lack of patentable invention, in view of the prior art.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 139 Fed. 36.

M. B. Phillipp, for appellant.

Edmund Wetmore and E. C. Davidson, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. The careful and exhaustive consideration of the prior art, and of the subject-matter of the patent in suit, by the court below, dispenses with the necessity of any further discussion of the question of patentable novelty. The sole changes from what was shown in the prior art consisted in the substitution of a continuous film for separate films, and in placing indicating marks on the opaque material instead of on the film itself. The first change was evidently due to the fact that the continuous gelatine film which is, apparently, the chief cause for the great advance in the art, first came upon the market in 1889 or 1890. If such a continuous film had been available when Capt. Barr described his separate sheets mounted with intervals between on a continuous strip of black calico, we cannot doubt that he would have utilized it instead of the separate sheets which were the only available material in the state of the art as it existed in 1855. There can be no invention in placing the indicating marks on the opaque material instead of on the film, because, in view of the prior art showing strips of film marked so as to show registration, the adoption of the new construction of a film provided with an opaque backing necessitated placing the numbers on the backing which was superimposed on the film, and therefore was the only exposed surface upon which the numbers could be placed.

We therefore concur in the reasoning and conclusions of the court below as stated in its opinion, and the decree appealed from is affirmed, with costs, upon said opinion.