## MITCHELL v. INTERNATIONAL TAILORING CO.

(Circuit Court, S. D. New York. April 29, 1909.)

1. PATENTS (§ 13*)—SUBJECTS OF PATENTS—ADVERTISING CARD.

An advertising device made of cardboard is a manufacture, and patentable as such, if novel and involving invention.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 11, 12; Dec. Dig. § 13.*]

2. PATENTS (§ 328*)—INVENTION—ADVERTISING DEVICE.

The Mitchell patent, No. 861,747, for an advertising device, *held* not void on its face for lack of novelty or invention.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. On demurrer to bill.

See, also, 169 Fed. 145.

Philipp, Sawyer, Rice & Kennedy, for complainant.

Kenyon & Kenyon, for defendant.

WARD, Circuit Judge. Demurrer to bill for infringement of claim 1 of letters patent 861,747, on the ground that they are invalid and void on their face for want of novelty, and as for nonpatentable subject-matter, in view of common knowledge and information. The object of the patentee was to devise an advertising scheme which would encourage receivers to keep the name and address of the sender, instead of throwing the communication into the waste paper basket, as generally happens in the case of circulars. The method devised was to print the name and address of the sender on a gift, generally a picture, which is a part of the device, and which the receiver will be likely to keep. The thing patented, however, was not the method, but the physical device used. Claim 1 reads:

"1. The herein described advertising device comprising a cardboard sheet of substantially commercial letter paper form and size, scored transversely to form upper and lower flaps to fold upon the intermediate portion, the entire inner side of said sheet being adapted to bear a printed letter with proper letter head upon the upper flap portion and a signature at the bottom, one of said flap portions comprising a gift to be detached from the remainder, and means for sealing the free edges of the sheet, when folded for mailing, substantially as described."

The advertising device covered by the patent is a manufacture within the patent law, and therefore patentable, if novel and involving invention. The patent itself is prima facie evidence of validity; and, supplementing this, the demurrer admits the allegations of the bill which establish the utility of the device and the general acquiescence in the complainant's rights. The folded sheet seems to me to involve no invention; but the making of one of the folds a gift likely to preserve the name and address of the sender may do so. While the patent certainly seems very obvious, I cannot say, because of facts within common knowledge, that it is void on its face for lack of novelty or invention. Butler v. Bainbridge (C. C.) 29 Fed. 142.

The demurrer is overruled.