OUTLOOK ENVELOPE CO. v. SHERMAN ENVELOPE CO.

(Circuit Court of Appeals, First Circuit. September 8, 1914.)

No. 1066.

PATENTS (§ 328*)—INVENTION—ENVELOPE.

The Callahan patent, No. 701,839, for an envelope, *held* void for lack of patentable invention.

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Suit in equity by the Outlook Envelope Company against the Sherman Envelope Company. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 210 Fed. 630.

Frederick P. Fish, of Boston, Mass., and Louis W. Southgate, of Worcester, Mass., for appellant.

George O. G. Coale, of Boston, Mass. (Coale & Hayes, of Boston, Mass., on the brief), for appellee.

Before PUTNAM and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. Our conclusion is that the Callahan patent, No. 701,839, June 10, 1902, for an improvement in envelopes, as explained by the record in this case, does not disclose patentable invention, and we agree with the reasoning and conclusion of Judge Dodge in the District Court. The opinion of that court presents a lucid review of the state of the art in respect to open-slot envelopes with openings protected by transparent coverings, and a cogent analysis of the elements of the complainant's improved commercial article.

The idea of an open slot, though previously differently located on the face of the envelope, was old in the art, though perhaps of different shape. The same is true of transparent coverings, though in the mechanical sense differently attached to the edges of the opening. Callahan did very little, if anything, beyond taking the idea of an opening, and the idea of a transparent covering, both of which were old, and adjusting them so as to show the name and address of a communication sheet, which was to have a fold conforming to the inside dimensions of the envelope, which should arbitrarily hold the sheet in its place, so that the name and address only should be disclosed. We do not think the measure of ingenuity involved in the complainant's mechanical or commercial improvement brings it within the spirit of the Constitution as to intended patent monopoly and protection, or that his organization, or combination, amounts to invention, within the legal principles applicable to such a situation.

The question of invention is satisfactorily dealt with in the following paragraph from Judge Dodge's opinion:

"But notwithstanding the presumption from the grant of the patent, and notwithstanding the fact that the plaintiff's envelopes have the commercial

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

merit referred to, I am unable to believe that the patentee's addition of the transparent cover to the open slot formerly used amounted to invention, in view of the state of the art at the time. Everything else in his combination was old, and the transparent cover which he added was old, except in its relation to the communication sheet folded so as to show the address through the slot without a cover, which was one of the old elements of the combination. To arrange an envelope of the kind described in the Brown patent in such a way that the position of its transparently covered slot should correspond with the position of the name and address on a communication sheet within, so addressed and folded as to show them where the slot would display them if uncovered, was not to make the old elements combined produce any new mode of operation. The patentee could claim no invention so far as his communication sheet is concerned, nor any with regard to the function of at once protecting it and displaying the desired part of it which his envelope performs."

We think the reasoning of Judge Dodge in this respect perfectly sound, and we accept it as decisive of the question of invention.

The decree of the District Court is affirmed, with costs of this court.