## ROBBINS v. WEBSTER.

### (District Court, D. Maryland. February 11, 1915.)

PATENTS ⟨⟩328 — VALIDITY AND INFRINGEMENT — DAVIT-SUPPORTING MEANS
FOR SHARP STERN BOATS.

The Robbins patent, No. 902,452, for davit-supporting means for sharp
stern boats, discloses patentable invention and is valid; also *held* in-
fringed.

At Law. Action by Joseph E. Robbins against Thomas B. Webster.
Trial to court. Judgment for plaintiff.

Marbury, Gosnell & Williams and George Winship Taylor, all of
Baltimore, Md., for plaintiff.

Whitelock, Deming & Kemp and W. Thomas Kemp, all of Baltimore,
Md., for defendant.

ROSE, District Judge. This is a suit at law for the infringement
of letters patent No. 902,452, issued October 27, 1908, to Joseph Ed-
ward Robbins, the plaintiff. By agreement of the parties, the case has
been tried before the court sitting as a jury. The patent is for a davit-
supporting means for sharp stern boats. The case has been tried upon
an agreed statement of facts. No prior patents or publications have
been cited against the patent in suit. No prior use of any means of
carrying yawl boats or tenders upon davits at the stern of sharp stern
boats is shown or claimed. It is agreed that such sharp stern boats,
generally known as "bugeyes," more accurately as "buckeyes," have
been used upon the waters of the Chesapeake and its tributaries for
40 years or more; that upon square stern vessels of the same class it
had been common to carry a yawl boat upon davits at the stern, but
that it never had been done on sharp stern boats, although many cap-
tains and owners of such vessels recognized that it would be convenient
and desirable to carry their yawls there. On such boats the yawl had to
be lashed on deck or towed astern. It could not be carried on davits
on the side of the vessel for two reasons: First, because in that posi-
tion it would interfere with the handling of the sails; second, it would
often be put under water when the vessel keeled over.

The invention was made in 1908, and since then has gone into use on
about one-half of the 200 bugeyes on the Chesapeake. About 50 of
these have paid the license fee which the patentee has been in the habit
of exacting, viz., $25 a boat. Some 25 more have agreed to abide by
the determination of this suit. The only defense is lack of invention.
The device of the patent consists of two parallel wooden beams which
are secured to the outside of the gunwale and extend rearwardly and
upwardly. Upon their upper surfaces at their outer ends rests a trans-
verse beam, the center of which is also supported by the gunwale. The
beam is braced and secured by angle irons or wooden brackets to pre-
vent twisting. Secured to the inside of the gunwale of the boat, ad-
jacent to the point where the upwardly and rearwardly projecting
beams are made fast, are brackets through which the davits proper

pass. Below the brackets in the deck, sockets are provided in which the lower ends of the davits are secured. For some distance the davits go directly upward, and are then bent so as to extend rearwardly and upwardly in a plane parallel to that of the two beams first mentioned, but considerably above them. The davits extend out beyond the extreme end of the vessel. Braces or brackets with their upper ends secured to the lower surface of the davits extend upwardly from the crossbeam before referred to. The principal weight of the davits rests upon these braces, and the former are thus relieved of the strain to which they would otherwise be subjected. Secured to the upper faces of the extreme outer ends of the davits is a transverse wooden beam, which further braces them and prevents their twisting. The eye-bolts which sustain the blocks to support the yawl are secured to the lower face of the outer end of the davits.

This construction seems simple. The defendant says that it involves no invention, and relies upon such cases as Morris v. McMillin, 112 U. S. 244, 5 Sup. Ct. 218, 28 L. Ed. 702; Outlook Envelope Co. v. Sherman Envelope Co., 216 Fed. 754, 132 C. C. A. 575; Osgood Dredge Co. v. Metropolitan Dredging Co., 75 Fed. 670, 21 C. C. A. 491. The patent in suit has in its favor the ordinary presumption of invention arising from its grant. The want of such a device had been long recognized. Since it was patented it has gone into fairly extensive use. In view of the fact that for more than 30 years nobody found out how to do it, I am not prepared to hold that the way of doing it was so obvious that it involved no invention.

The patent has eight claims. Some of them are phrased in quite general terms. Others are precise and minute. The record does not go fully enough into the prior art to make discrimination among them expedient. Some of the more specific claims of the patent are in my view valid. Nothing more need be here determined. It is admitted that the defendant has used the patented device on three of his boats. There is no dispute that the plaintiff's fixed license fee is $25 per boat.

The plaintiff is therefore entitled to a verdict of $75; and judgment for that amount may be entered thereon.