ROBINS CONVEYING BELT CO. et al. v. LINK BELT CO.

(Circuit Court of Appeals, Second Circuit.   April 11, 1916.)

No. 211.

1. PATENTS ☞328—VALIDITY AND INFRINGEMENT—BELT CONVEYER.
    The Robins patent, No. 571,604, for belt conveyer mechanism, claim 5, held not infringed.

2. PATENTS ☞328—VALIDITY AND INFRINGEMENT—BELT CONVEYER.
    The Robins patent, No. 919,638, for idler pulleys for belt conveyers, claims 3 and 4, held void for lack of invention, and claims 1, 2, and 5, narrowly construed, as required by the prior art, held not infringed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Robins Conveying Belt Company and Thomas Robins, Jr., against the Link Belt Company. From the decree, complainants appeal. Affirmed.

Plaintiffs' bill charged infringement of claims 5 and 6 of Robins patent, No. 571,604 (which patent expired shortly after the filing of the bill), and also of claims 1, 2, 3, 4, and 5 of Robins patent, No. 919,638. The decree appealed from (by plaintiffs only) adjudged that, as to patent 571,604, claim 5 was valid and not infringed, and claim 6 valid and infringed, and as to patent 919,638 that claims 1, 2, and 5 were valid, but not infringed, and claims 3 and 4 were invalid for lack of invention.

E. Bright Wilson, of New York City (John R. Nolan, of New York City, of counsel), for appellants.

Howson & Howson, of New York City (Parker & Carter and Francis W. Parker, all of Chicago, Ill., of counsel), for appellee.

Before WARD and ROGERS, Circuit Judges, and HOUGH, District Judge.

HOUGH, District Judge. [1] As the defendant has not appealed, it is not deemed necessary to consider any matters, except those necessarily raised by plaintiffs' assignments.

Both the patents in suit relate to certain details of belt conveyer devices. Apparatus of this kind transports upon an endless belt (sometimes of great length) material such as coal or ore that may be thrown upon it at any convenient point. Such belts may be flat or curved, according to the configuration of the carrying or idler pulleys upon which they run.

Claim 5 of 571,604 [1] shows a particular arrangement of the idlers so disposed in relation to each other as to enable certain oiling de-

---

[1] This claim is as follows: "The supporting pulleys $L$, $K$, $L$, the hollow bearings $F$ therefor, and the horizontal and turn-up hollow shafts secured in the said bearings, and the oil devices mounted on the ends of the turn-up shafts, substantially as set forth."

vices to be applied in the manner specifically shown by one of the patent drawings. As to this claim it is sufficient to say that it is by its terms confined to the especial apparatus displayed, and is not infringed by anything that defendant has made or used.

[2] No. 919,638 relates to an arrangement of old and well-known idler pulleys such as to raise the edges of the belt so as to produce a troughlike form of carrier. Conveyers of this form were by no means unknown in the prior art, and it is not contended that the patent is a pioneer.

Claims 3 and 4 of this patent [2] cover a combination of which one essential element is means for safely adjusting each main bracket upon a common support for both brackets. The prior patent to Lynch, 625,342, shows a single solid bracket adjustable in exactly the same manner as is applied by Robins to his separate brackets. We agree with the court below in thinking that such application of means of adjustment to two brackets, when it was well known in respect of one, is "pushing mere novelty into the place of invention." Both these claims were properly held void for lack of invention.

Claims 1, 2, and 5 [3] describe a machine in which the auxiliary or side brackets are secured to and adjustable with one of the main brackets. The object of such adjustability is to make the auxiliary bracket an extension of the main one, to the end that when the main bracket is adjusted, or rectified, when necessary, the auxiliary or side bracket must go with it and be governed by the adjustment of its parent. An examination of the file wrapper shows that this characteristic of Robins' invention was by the Patent Office considered essential to the grant prayed for. It is certain that the prior patents of Plummer, No. 728,005, Phillips, No. 706,848, and Blake, British (1904) 26,036, rendered this position on the part of the examiner correct. The defendant's apparatus shows no auxiliary or side brackets in the sense that that phrase was used by Robins and allowed by the Patent Office. Therefore there is no infringement.

The decree below is affirmed, with costs.

[2] Claim 3 is as follows: "An idler pulley structure for belt conveyers, having two main or inner brackets and a pulley supported between them, means for adjusting each one of the said main or inner brackets upon a common support for the two, and two auxiliary or side brackets each of which is secured to and is adjustable with one of the main or inner brackets, and pulleys supported between the main or inner brackets and the auxiliary or side brackets."

[3] Claim 1 is as follows: "An idler pulley structure for belt conveyers having two inner brackets, a pulley supported between them, auxiliary or side brackets each forming an extension of and removably mounted or secured to one of said inner brackets, pulleys supported between the inner and the auxiliary or side brackets, and means for securing the said brackets to a suitable support therefor, and inclined shafts mounted in and extending outward from the auxiliary or side brackets with pulleys mounted thereon."