SINGER v. AMERICAN DRUGGIST SYNDICATE.

(Circuit Court of Appeals, Second Circuit. May 25, 1917.)

No. 215.

PATENTS ☞328—VALIDITY—INVENTION—CARTON AND DISPLAY DEVICE.
    The Singer patent, No. 880,410, for a combined carton and display device, claim 1, *held* void for lack of invention.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in equity by Joseph B. Singer against the American Druggist Syndicate. Decree for complainant, and defendant appeals. Reversed.

For opinion below, see 233 Fed. 266.

Robert B. Olsen, of New York City (Alfred C. Coxe, Jr., of New York City, of counsel), for appellant.

Goepel & Goepel, of New York City, for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. This is an appeal from the decree of the District Court for the Eastern District of New York sustaining claim 1 of letters patent 880,410, for combined carton and display device, issued February 25, 1908, to Joseph B. Singer, assignor to Oscar H. Hersey, trustee.

We have heretofore sustained claims 2, 3, and 4 of this patent upon the opinion of Judge Mayer in Singer v. Lamont, Corliss & Co. (D. C.) 227 Fed. 462, and 227 Fed. 1022, 141 C. C. A. 654. The question of their validity was regarded as doubtful, but was resolved in favor of the patentee because of the commercial success of the device.

Claim 1 reads:

"1. The improved carton and display device comprising a body having folded ends and slots in the upper edge of said ends, a back display surface attached to said body, brackets on the said back display surface, and tongues on the said brackets engaging the said slots in the said ends."

The prior art is quite full of boxes made from folded carton blanks, some of which were also designed to display advertisements. The great advantage of Singer's invention was that his carton blank, though glazed and printed on one side only, could be folded into a box with a back and front display surface when the box was opened, viz. one on the inside of the cover and another on the outside of the front edge. When the box was closed, these surfaces were folded in so that they were not exposed to injury during transportation. This was his invention.

Claim 1 makes mention of the display surface on the back of the box, but says nothing about the front. The invention recognized in our prior decision was the production of two display surfaces by glazing and printing upon only one side of the carton blank. No doubt the mechanical features of the Singer box, as covered by claim 1, make it superior to any other box in the prior art, and the defendant uses it for this reason. Still we think no invention is indicated thereby. The process of folding a blank carton into a box has been a gradual one of improving here and there the mechanical details of the original conception. Nor does it involve invention to print an advertisement on the inside of the cover of such a box.

We think claim 1 is invalid for lack of invention, and therefore the decree is modified, and the court below directed to pronounce said claim invalid; costs of this court to the appellant.