## BOSTON PENCIL POINTER CO. v. AUTOMATIC PENCIL SHARPENER CO.

(Circuit Court of Appeals, Second Circuit. November 16, 1921.)

No. 96.

1. **Patents ⬤—36—Prior efforts to fill want essential to commercial success as guide to invention.**

Commercial success is an unsafe guide to invention, unless prior efforts to fill the want are shown.

2. **Patents ⬤—16—Mere novelty is not invention.**

Articles may be new in a commercial sense, when they are not new in the sense of the patent law, and novelty, however great, can never be put in place of invention.

3. **Patents ⬤—328—1,305,855, claims 1–4, for chip receptacle for pencil sharpener, held to lack invention.**

Wilson patent, 1,305,855, claims 1–4, for a chip receptacle for pencil pointers, having celluloid sides and metal ends, *held* not to disclose invention, in view of the use in the prior art of both celluloid windows and celluloid receptacles.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Boston Pencil Pointer Company against the Automatic Pencil Sharpener Company for infringement of a patent. Decree for plaintiff, and defendant appeals. Reversed and remanded, with directions to dismiss the bill.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit is upon claims 1–4 of Wilson patent, 1,305,855, for a "chip receptacle for pencil pointers." The first (and most general) claim is as follows:

"A chip receptacle for pencil pointers, comprising a transparent body portion and nontransparent end portions secured to said transparent body portion."

The article patented is an adjunct to a style of sharpener for wooden pencils, illustrated by the same inventor's patent 972,488, wherein the pencil end is presented through a tube to the action of two rotary cutters carrying on their faces spiral knife edges. Such a machine makes many small chips, as well as much dust, and various styles of receptacles have been provided to catch and retain the same. In result, or in mechanical or operative effectiveness, the device of the patent does not differ from other and prior receptacles. No claim is made for the means by which it is attached to or detached from the frame of the sharpener proper; patentable invention is asserted to exist in the transparency of the body portion, and opaqueness of the end portions, and in nothing else.

The specification statement of what is accomplished by the thing disclosed is this: "It will be seen that the transparent body portion of the chip receptacle will permit the operator to observe the sharpening operation and the amount of chips that have accumulated in the chip receptacle."

The trial court declared the patent valid and infringed, gave decree accordingly, and defendant appealed.

Henry M. Huxley and Hervey S. Knight, both of Chicago, Ill. (D. A. Usina, of New York City, of counsel), for appellant.

E. Clarkson Seward, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). A pencil sharpener whose chips and dust fall into a receptacle with metal ends and celluloid sides is now too familiar an office appliance to need more than mention. The evidence before us is almost wholly devoted to emphasizing the commercial success producing this familiarity. The small remnant of oral testimony relates the history of the patented article—briefly that the idea of a transparent chip catcher found too expensive an embodiment in glass, was not attractive when wholly celluloid, though improved by blackening the celluloid ends, but became the success it is when strength and comparative cheapness were united by connecting metal ends with rods, and fitting the celluloid body or casing over the rods, by clamping into the end pieces.

The inventive thought (if there be one) is shown by the evidence, just as clearly as by the claims in suit, to be transparency. Much might be said to show that what plaintiff calls commercial success grew, not out of the merits of the patented chipholder (Hubbell v. General, etc., Co. [C. C. A.] 267 Fed. 564), but from the cheapness of one grade of sharpener of which the sales have overshadowed all others.

[1] But we will (for argument's sake) adopt plaintiff's views on that point; and we are not inclined to vary or minimize anything said in Minerals, etc., Co. v. Hyde, 242 U. S. 261, 37 Sup. Ct. 82, 61 L. Ed. 286, or Benjamin v. Northwestern, etc., Co., 251 Fed. 288, 163 C. C. A. 444, as to the persuasive probative effect of prompt and extensive use plus displacement of earlier devices. Nevertheless commercial success is an unsafe guide to invention unless prior efforts to fill the

space be shown (National, etc., Co. v. Bissell, etc., Co., 249 Fed. 196, 161 C. C. A. 232); and when they are shown, it is not infrequently found that the faculty of invention was not necessary to fill whatever vacancy existed.

[2] Further, it is settled that articles may be new in a commercial sense, when they are not new in the sense of the patent law (Collar Co. v. Van Deusen, 23 Wall. 530, 23 L. Ed. 128), and novelty, however great, can never be put in the place of invention (Robins v. Link Belt, 233 Fed. 1005, 148 C. C. A. 15). The fact that a patented device has had enormous sales does not dispense with all other evidence of invention. In patents of the kind before us, the test inquiry is always, "What will it do?" and the answer to that question in the present instance is shortly, "It permits one to see inside." It does nothing else, and in the claims in suit pretends to no other merit or mark of distinction.

[3] We pass the question whether mere transparency can constitute patentable invention, but, assuming that possibility, find in the record that chip receptacles of many kinds were old, and such holders with transparent windows were old. There were receptacles with no windows, with small windows, and some celluloid ones that were all window. This patent covers nothing but the concept of a large window; i. e., all windows but the ends.

The commercial embodiment of this idea, when affixed to a sharpener not covered by this patent, and all sold at a cheap rate, seems neat, clean, durable, and effective; but we hold it obvious that the only part of that combination or aggregation of merits which is before us (the transparent body) does not constitute patentable invention because it did not require the inventive faculty to enlarge a window, until it constituted the body of the holder.

We point out again that the claims are so drawn as to exclude from consideration the shape, detachability, or mechanical structure of what embodies the claims.

Decree reversed, with costs, and cause remanded, with direction to dismiss the bill, with costs.