## A. S. KRATZ CO., Inc., v. DOUBLE ENVELOPE CORPORATION.

(Circuit Court of Appeals, Fourth Circuit. May 1, 1923.)

No. 2059.

1. Patents ⊚⇒17—Carrying forward or extending application of original thought is not "invention."

Though no general definition can be laid down distinguishing improvements which rise to the point of invention and those which naturally result from the application of mechanical skill, a mere carrying forward or new or more extended application of the original thought, or a change only in form, proportions, or degree, doing substantially the same thing in the same way, by substantially the same means, with better results, is not "invention."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Invention.]

2. Patents ⊚⇒328—1,181,970, for church contribution envelopes, held void for want of invention.

The Kratz patent, No. 1,181,970, for a church contribution envelope on which the dates were not printed, but which had four envelopes for each month, with a separate group of envelopes for the fifth Sunday in the months having five Sundays, so that the envelopes could be used in successive years, *held* void for want of invention.

Appeal from the District Court of the United States for the Western District of Virginia, at Lynchburg; Henry Clay McDowell, Judge.

Suit in equity by the A. S. Kratz Company, Incorporated, against the Double Envelope Corporation, for infringement of a patent. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Robert H. Talley, of Richmond, Va. (Edmunds & Hamner, of Lynchburg, Va., Willis C. Pulliam, of Richmond, Va., and C. D. Davis, of Washington, D. C., on the brief), for appellant.

John L. Abbot, of Lynchburg, Va. (James A. Bear, of Roanoke, Va., and Kemp, Barksdale & Abbot, of Lynchburg, Va., on the brief), for appellee.

Before KNAPP, WOODS, and WADDILL, Circuit Judges.

WOODS, Circuit Judge. The A. S. Kratz Company sues for infringement of patent No. 1,181,970, for a church contribution envelope. Contribution envelopes for church purposes are in very general use. Stated in short, Kratz's claim of invention is this:

The ordinary church contribution envelopes were printed for specific dates of the Sundays in the year, thus, "January 1, 1922," "January 8, 1922," and so on for the entire year. As the Sundays for one year do not fall on the same day of the month for the succeeding year, the envelopes as printed were good only for the year for which they were printed. The chief disadvantages were the waste of the envelopes left over from one year being useless for the next, and the probability of the church not ordering enough, in the desire to avoid the waste of having envelopes left over. To meet these difficulties, Kratz obtained a patent for 13 sets of envelopes, 12 sets of four for each month in the year, on which are printed the name of the month followed consecutive-

ly by "1st Sunday," "2d Sunday," "3d Sunday," "4th Sunday," and a thirteenth set of five, on which is printed "5th Sunday," after a blank for the name of the month. Since any of these envelopes left over from one year may be used any succeeding year, there is no waste.

The District Judge, holding the patent invalid, dismissed the bill. The utmost that can be claimed for the patent is an improvement over the prior art in the method of printing dates on church contribution envelopes.

[1] No general definition can be laid down distinguishing improvements in the art rising to the point of invention and improvements which would naturally result from the application of mechanical skill to the development of the art or the demands of the trade. "A mere carrying forward or new or more extended application of the original thought, a change only in form, proportions, or degree, the substitution of equivalents, doing substantially the same thing in the same way, by substantially the same means, with better results, is not such invention as will sustain a patent. These rules apply alike, whether what preceded was covered by a patent or rested only in public knowledge and use. In neither case can there be an invasion of such domain and an appropriation of anything found there. In one case, everything belongs to the prior patentee; in the other, to the public at large." Smith v. Nichols, 21 Wall. 119, 22 L. Ed. 566; Market Street Railway Co. v. Rowley, 155 U. S. 621, 629, 15 Sup. Ct. 224, 39 L. Ed. 284.

Benjamin Menu Card Co. v. Rand, McNally & Co. (C. C.) 210 Fed. 285, Cincinnati Traction Co. v. Pope, 210 Fed. 443, 127 C. C. A. 175, Rand, McNally & Co. v. Exchange Scrip-Book Co., 187 Fed. 984, 110 C. C. A. 322, and Mitchell v. International Tailoring Co. (C. C.) 170 Fed. 91, relied on by plaintiff, involved somewhat similar patents but in each of them there was an element of invention not present here.

[2] We have recently gone over the ground in deciding the very similar case of Duplex Envelope Co. v. A. S. Kratz Co. (D. C.) 225 Fed. 68, holding the patent invalid for lack of invention. Applying the reasoning of that case we think the patent of the plaintiff shows no invention.

Affirmed.

KNAPP, Circuit Judge, who took part in the hearing of this case, died before the opinion was announced.