## EXCELLA PATTERN CO. v. McCALL CO.

(Circuit Court of Appeals. Second Circuit. January 5, 1925.)

No. 127.

1. Patents ⟨⟩26(1)—Mere combination of elements, separately unpatentable, not invention.

A combination claimed to be valid must rest on some interdependence of the elements; merely putting together two things, which are separately unpatentable, not being invention.

2. Patents ⟨⟩328 — 852,332, for identifying means common to sections of garment patterns, held invalid for want of invention.

Patent No. 852,332, claims 1–4, for identifying means common to sections of garment patterns, *held* invalid for want of invention.

Appeal from the District Court of the United States for the Southern District of New York.

Patent infringement suit by the Excella Pattern Company against the McCall Company. Decree for defendant, and plaintiff appeals. Affirmed.

Mayer, Warfield & Watson, of New York City (Julius M. Mayer, F. P. Warfield, and L. A. Watson, all of New York City, of counsel), for appellant.

D. Anthony Usina, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. This appeal presents the question of the validity and infringement of United States patent No. 852,-332, granted April 30, 1907, and which expired April 30, 1924. The question of the validity and infringement of the other patent sued on is not now presented. The invention consists in providing each section of a pattern with keying means, by displaying upon the same some readily distinguishable mark or symbol common to each section of the pattern, together with certain instructions respecting the use of the patterns, or several sections of the same, as, for instance, the name of the individual section and the name of the garment for which the pattern is designed. The printed matter is in several languages. The claims which are in issue are from 1 to 4 and are as follows:

"1. In garment patterns, sections of the same, each section having an identifying mark or symbol common to all the sections.

"2. In garment patterns, sections of the same, each section having an identifying mark or symbol common to all the sections, the name of the section, and instructions for its use, displayed thereon.

"3. In garment patterns, sections of the same, each section having an identifying reference mark or symbol common to all the sections, and consisting of a number representing the 'bust,' 'waist,' or other measurement of the garment for which the pattern is intended, such number being employed as a key.

"4. In garment patterns, sections of the same, each section having an identifying reference mark or symbol common to all the sections and consisting of a number representing the 'bust,' 'waist,' or other measurement of the garment for which the pattern is intended, such number being employed as a key, in combination with the name of the part of the garment each pattern section represents."

The record discloses that the idea of printing directions for use on a piece of the pattern is as old as the patterns themselves. The commercial pattern has been made of tissue paper perforated various ways to aid the user in cutting out pieces of fabric and sewing them together. The edge of the pattern piece corresponds with the shape to be cut out of a piece of fabric, and the identifying marks on the patterns are punched in by punches and insignia which had to be interpreted through a chart, generally carried on the envelope. The appellee, in 1920, substituted a printed pattern for the old perforated pattern, after inventing the efficient way of printing successfully and cheaply on tissue paper. It patented this idea. The edge of the pattern piece does not show the shape which is to be cut out of the fabric. The shape to be cut out is printed on the pieces, and the edge is cut freely, leaving a margin of varying width around the printed outline, so as to distinguish this readily from the margin that is to be cut off. The appellee's pattern contained in print various lines and directions that show in Fig. 3. This figure shows a line along which is the legend, "Turn under along this line for hem," and in the center is printed, in larger type, the name of the particular piece of the dress of which this is a pattern, namely, "front panel." The appellee's patterns are printed to show these and various other matters helpful to the user. They likewise contained in print the pattern number and size, which was printed on several pieces of the pattern. This seems to be the basis for the appellant's complaint that the claims of the patent are infringed.

It will be observed that the distinguishing

words of the claims are "an identifying mark or symbol common to all the sections." It is the minute detail of a printed pattern that this inventor claims to have invented. But the idea of printing directions on garment patterns is so obvious and so old that it cannot be monopolized by any one at this late date. Indeed, the appellee's omitting the practice of printing the number and size, when infringement was claimed, has shown no difference in value. It was an obvious thing for the appellee, in issuing a printed pattern, to print on each piece, along with the use, an identifying number and size of the pattern. The advantage of printing the style, number, and size of each piece of the pattern is trifling, according to this testimony. In manufacturing, the folding operator receives the piece for only a certain style and size of pattern, receiving them in separate bundles, as (1) an arm piece; (2) the front; (3) the back piece. The operator unties these bundles and takes one arm piece, one front piece, and one back piece, and puts them in an envelope which she received from the bundle, and which is properly marked. When manufacturing the old perforated pattern, they came to the folder, with the number and size marked on the top of each bundle. All the pieces in the bundle are identified, because they are all cut out on the same operation from a stack of plain sheets, which are clamped together during a cutting and are tied together before the clamps are removed. Therefore, in each case there is no occasion to read the style and size on the individual pieces. When a woman makes two or three dresses at once, which does not occur frequently, there is an advantage in the number and size being marked on each pattern piece.

But, with it all, it has occurred to all industries, and in nearly every practice of life, to mark for assistance and identification two things which are liable to be confused, giving the name, number, or some identifying provision. Court records, lawyers' papers, manufacturers, and, indeed, men in everyday affairs of life, avoid confusion by so doing. The courts, in testing the validity of inventions, have fully recognized this,

as, for instance, in Boston Pencil Pointer Company v. Automatic Pencil Sharpener Co. (C. C. A.) 276 F. 910, this court held that a novelty, however great, cannot be put in the place of invention, and that a clip receptacle for pencil pointers, having celluloid sides and metal ends, did not disclose invention. So, too, a patent for a church contribution envelope containing certain printed directions for use on particular Sundays. Kratz Co. v. Double Envelope Corp. (C. C. A.) 288 F. 971. A patent for making bivalves, by means of a tag which served to identify the oyster after it was opened, was held invalid. Armstrong Seatag Corp. v. Smith's Island Oyster Co., 254 F. 821, 166 C. C. A. 267. So was a patent for a carton with certain surfaces designed to display identifying advertisements. Singer v. Amer. Druggist Syndicate, 243 F. 201, 156 C. C. A. 67. An envelope having a transparent covering adjusted to show the address of the sheet inside was held invalid. Outlook Envelope Co. v. Sherman Envelope Co., 216 F. 754, 132 C. C. A. 575. An idea for the placing of indicating marks on certain opaque material associated with a film was held invalid in Eastman Kodak Company v. Anthony-Scovil Co., 145 F. 833, 76 C. C. A. 416.

[1, 2] The appellant argues that claims 2 and 4 may be patentable on the theory that two things may be patentable, even if the things are separately old. A combination claimed to be valid must rest upon some interdependence of the elements. To merely put two things, which are separately unpatentable, together, is not to make an invention. There must be some interdependence in the combination of the elements to serve the function which they would not serve separately. This is not true of the claims in suit. The title and directions on the different pieces have nothing to do with keeping together all of the pieces of one pattern. The common symbol on all pieces has nothing to do with the distinctive names of the separate pieces or the directions for using them. Reckendorfer v. Faber, 92 U. S. 347, 23 L. Ed. 719. We hold the patent void for want of invention.

Decree affirmed.