ARMSTRONG SEATAG CORPORATION v. SMITH'S ISLAND OYSTER CO.

(Circuit Court of Appeals. Second Circuit. May 12, 1915.)

No. 252.

TRADE-MARKS AND TRADE-NAMES ⊚═70—UNFAIR COMPETITION—TAGGING OYSTERS.

The first company to adopt the practice of marking oysters by affixing a metal tag to the shell cannot restrain, on the ground of unfair competition, another company from adopting that practice, where the wording and color of the subsequent company's tag was different from that of the former, though it was of metal and affixed to the same part of the shell, and there was some confusion thereby caused to customers, who erroneously believed all tagged oysters to be those shipped by the former company.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. ⊚═70.

Imitation or simulation of trade-mark or trade-name as unfair competition, see note to John H. Rice & Co. v. Redlich Mfg. Co., 122 C. C. A. 447.]

Appeal from the District Court of the United States for the Southern District of New York.

Charles K. Offield, of Chicago, Ill. (McLanahan, Burton & Culbertson, of Washington, D. C., of counsel), for appellant.

Samuel Owen Edmonds, of New York City, for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. This is an appeal from an order of Judge Hough denying complainant's petition for a preliminary injunction. The bill sets forth that Armstrong Bros. were the first persons to attach a tag to the shell of their oysters as a trade-mark to indicate their origin; that the tag is a flat octagonal piece of metal bearing the following inscription, "Seatag Virginia Oyster Armstrong Bros.," which is fastened into the lower shell near the hinge; that they began to do this in the season of 1913–14, registering their trade-mark in the United States Patent Office May 12, 1914; that subsequently they sold their business of buying, tagging, and selling oysters, together with the trade-mark, to the complainant.

The bill goes on to allege that the defendant in the season of 1914–15 began to tag its oysters at the same place with a flat triangular piece of metal bearing the inscription "Smith's Island Va."; that it sells its oysters at a lower price, and that confusion is made by the similarity of tagging, especially when the tags have been exposed to sea water, so that the defendant's oysters may be and have been sold to consumers, who wanted the complainant's, as and for the complainant's oysters.

The relief prayed is that the defendant may be enjoined from using a tag like the complainant's, or in such a position upon the shells of the oysters as to mislead the unwary into confusing its oysters with the complainant's oysters. The bill proceeds, not upon the technical trade-mark, but upon unfair competition. Indeed, so far as the technical

trade-mark is concerned, the two tags are so unlike each other in shape and wording that they are not likely to be confused.

The oysters sold by both parties are sea oysters, coming from the open sea off the eastern shore of Northampton county, Va. If it had been usual to tag oysters, no one would have thought the defendant guilty of unfair trade because of what it does. The idea, however, was a novel one and an excellent advertisement. It appealed strongly to the consumer, indicating to him that each oyster had been separately handled, so that it is not surprising that as soon as the complainant began to use the tag its sales increased enormously. But because their assignors were the first persons to tag oysters, the complainant cannot claim a monopoly of doing so; nor a monopoly of tagging them on the lower shell at the hinge, which is obviously the best place; nor a monopoly of using metal for the tag. All it has a right to insist upon is that the defendant shall not tag its oysters in such a way that they may be substituted for the complainant's.

We think it quite likely that some confusion has occurred, and will for a time still occur, although the defendant is acting strictly within its rights. This is for reasons that would be as likely to cause substitution of the defendant's for the complainant's oysters if they were sold at or near the same price as vice versa. The chief reason is that many consumers have supposed, and for some time will continue to suppose, that there is on the market only one kind of tagged oyster, and if they see a tag on the shell that they are getting that oyster. This error is assisted by the no doubt innocent circumstance that the complainant incorporated the word "tag" into its trade-mark "Seatag." When, however, the habit of tagging oysters becomes better known or more general, the consumer will learn the various trade-marks, and will look to see that he gets what he wants. If he does this, there will be no danger of confusing complainant's tag with the defendant's.

The defendant's business is older and larger than the complainant's. It has always sold and advertised, and continues to sell and advertise, its oysters as "Smith's Island Oysters." We do not discover any evidence of fraud, or dishonesty, or unfair dealing in its conduct, and therefore the order of the court below is affirmed.