ARMSTRONG SEATAG CORPORATION v. SMITH'S ISLAND OYSTER CO.

(Circuit Court of Appeals, Fourth Circuit. December 5, 1918.)

No. 1635.

1. PATENTS ⬤⇒328—INVENTION—MARKING BIVALVES.
    The Armstrong patent No. 1,195,946, for marking bivalves by means of a tag attached to the lower shell of an oyster, *held* void for lack of invention.
2. PATENTS ⬤⇒27—"INVENTION"—APPLYING OLD PROCESS TO NEW SUBJECT.
    The application of an old process to a new subject for an old purpose without any change in result is not "invention."
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Invention.]

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Judge.

Suit in equity by the Armstrong Seatag Corporation against the Smith's Island Oyster Company. Decree for defendant, and complainant appeals. Affirmed.

Before KNAPP and WOODS, Circuit Judges, and McDOWELL, District Judge.

E. Hayward Fairbanks, of Philadelphia, Pa., and S. Gordon Cumming, of Hampton, Va. (J. Bonsall Taylor, of Philadelphia, Pa., on the brief), for appellant.

Samuel O. Edmonds, of New York City, for appellee.

McDOWELL, District Judge. [1] In August, 1916, patent No. 1,195,946, for "marking bivalves," was issued to M. C. and Richard Armstrong, and on September 16, 1916, all rights under the patent

were duly assigned to the appellant, the plaintiff below. Under this patent the plaintiff claims a monopoly in a so-called invention defined as follows:

"1. Means for identifying oysters, consisting of a tag attached to that part of the shell on which the oyster is to be served at a point outside of the ligament or hinge of said oyster, whereby, when the oyster is opened, said tag remains attached to the part to be served.

"2. An improvement in the art of identifying oysters, which consists in attaching a tag to that part of the shell on which the oyster is to be served at a point outside of the ligament or hinge of said oyster, whereby, when the oyster is opened, said tag remains attached to the part to be served."

The plaintiff's method of identifying its oysters is to drill a small hole through what may be called the lobe of the lower or deep shell, outside of the hinge, through which is passed the elongated shank of a flat piece of thin, pliable metal. One end of the metal piece, octagonal in form, contains plaintiff's trade-mark, and the elongated extension or shank is clamped after being passed through the hole in the shell. The defendant has for some time been identifying its oysters by boring a hole through the lobe of the lower shell and attaching thereto a triangular flat piece of thin metal, by running a pin having an enlarged head through a hole in the metal piece and through the hole in the oyster shell, and then flattening the lower end of the pin. The litigation between these parties commenced with a suit for unfair competition, brought prior to the issue of the patent by the present plaintiff, which was decided in favor of the present defendant. Armstrong Seatag Corporation v. Smith's Island Oyster Co., 224 Fed. 100, 139 C. C. A. 656. The present suit was instituted by filing a bill in equity for infringement. The defendant moved to dismiss the bill, chiefly on the ground of invalidity of the patent. The trial court held the patent void on its face for want of invention, and the plaintiff appeals.

If the patent in suit be supposed to cover a tagged oyster, the answer is that a tagged oyster is not a machine or a composition of matter, and it is not a manufacture. A spring chicken, with an identifying tag fastened to its leg, is closely analogous. If he so desired, any fisherman could attach an identifying tag to his fish. But none of these natural products could be classed as manufactured articles, simply because of being tagged. If the method of the patentees may be considered as a process, we are unable to perceive that it involved invention. The problem was too simple, and its solution too obvious.

In adopting the method used by the patentees to identify oysters, they displayed some skill, not of high order, but nothing approaching the dignity of invention. The practice of identifying articles of commerce by attaching a tag thereto is, as a matter of common knowledge, both very old and very general. The demand for oysters grown in unpolluted water is of comparatively recent origin. It has arisen from the rather recently acquired public knowledge of the fact that oysters grown in polluted water are capable of transmitting the typhoid germ. The desire to identify oysters as having been grown in unpolluted water is therefore also recent. This is we think the chief reason why

tagged oysters have not long been common. What the patentees do is what any one would do who desired to attach a tag to an oyster shell, unless he bethought himself of a better method. There is in the patentees' process an entire absence of—

"that intuitive faculty of the mind put forth in the search of new results or new methods, creating what had not before existed, or bringing to light what lay hidden from vision." Hollister v. Benedict, 113 U. S. 59, 72, 5 Sup. Ct. 717, 28 L. Ed. 901. See also King v. Gallun, 109 U. S. 99, 102, 3 Sup. Ct. 85, 27 L. Ed. 870; Slawson v. Grand Street Railroad Co., 107 U. S. 649, 653, 2 Sup. Ct. 663, 27 L. Ed. 576; Phillips v. Detroit, 111 U. S. 604, 607, 4 Sup. Ct. 580, 28 L. Ed. 532.

Where only the skill of the workman, and not the genius of the inventor, was required, as in the case at bar, the result is not an invention.

[2] It has often been laid down in one form or another that using an old process for a new, but analogous, purpose, with no substantial change in result, is not invention. Brown v. Piper, 91 U. S. 37, 41, 43, 23 L. Ed. 200; Pennsylvania R. Co. v. Safety Truck Co., 110 U. S. 490, 494, 498, 4 Sup. Ct. 220, 28 L. Ed. 222; Blake v. San Francisco, 113 U. S. 679, 683, 5 Sup. Ct. 692, 28 L. Ed. 1070; Miller v. Foree, 116 U. S. 22, 27, 6 Sup. Ct. 204, 29 L. Ed. 552. But it seems hardly necessary to here invoke this doctrine. What the patentees here have done is to apply an old process to a new subject, for an old purpose, without any change in result. The purpose and the result of tagging articles of commerce was identification. This is the purpose and the result of the patentees' practice. In its entirety the thought of the patentees was only an extension of the thought of the first producer who attached a mark of identification to his goods. To apply this old practice to oysters required at the utmost some degree of skill, but no invention.

The decree of the trial court must be affirmed, with costs to the appellee.

Affirmed.