RADIO CORPORATION OF AMERICA et al.
v. RADIO ENGINEERING LABOR-
ATORIES, Inc.
No. 440.

Circuit Court of Appeals, Second Circuit.
Aug. 29, 1933.

SWAN, Circuit Judge, dissenting.

, Pennie, Davis, Marvin & Edmonds, of New York City (William H. Davis, George E. Faithfull, and Chas. W. Riley, all of New York City, of counsel), for defendant-appellant.

Thomas G. Haight, of Jersey City, N. J., and Samuel E. Darby, Jr., and James J. Cosgrove, both of New York City, for plaintiffs-appellees.

Sheffield & Betts, of New York City, for Radio Corporation of America and American Telephone & Telegraph Co.

Darby & Darby, of New York City, for De Forest Radio Co.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

These patents are based on an outstanding improvement in radio signaling systems which brought about exceedingly important advances in the art. Much litigation has re-

sulted. Armstrong was granted patent No. 1,113,149 on October 6, 1914, for a wireless receiving system which disclosed the system used by the defendant and admitted to infringe the plaintiff's patents provided those patents are valid. What effect, if any, may be given the disclosure of Armstrong is of vital concern here.

In a suit brought in this circuit on Armstrong's patent it was held on March 13, 1922, that his patent was valid and infringed. He was held to have completed the invention as early as January 31, 1913, and before De Forest, who claimed the invention as of August 6, 1912. See Armstrong et al. v. De Forest Radio Telephone & Telegraph Co. (C. C. A.) 280 F. 584. However, as early as 1918 litigation by way of interference proceedings in the Patent Office involved the Armstrong patent. In such a proceeding in which Armstrong, De Forest, Langmuir, and Meissner were parties, all claiming priority, the issue was carried to the Court of Appeals for the District of Columbia and De Forest prevailed in May, 1924. See De Forest v. Meissner, 54 App. D. C. 391, 298 F. 1006. The decision was based upon finding as a fact, contrary to the decision of the Commissioner of Patents who had awarded priority to Armstrong, that De Forest had discovered the principle and obtained the result in August, 1912, and was the first inventor. Thereafter, in recognition of his right as the first inventor thus established, the patents in suit were granted to De Forest by virtue of the mandate of the court.

Following the granting of these patents, a suit was brought by the assignee of the patentee in the District Court for the Eastern District of Pennsylvania against the assignee of the Armstrong patent to have an interference declared between the rival patents under section 4918, R. S. (35 USCA § 66), and to have interfering claims of the Armstrong patent held void. The result was a decree in 1924 in favor of the plaintiff which voided all of Armstrong's claims. See De Forest Radio Telephone & Telegraph Co. v. Westinghouse Electric & Mfg. Co. (D. C.) 13 F.(2d) 1014. A suit was brought in the District Court for the District of Delaware by Meissner and his assignee, the United States, against other parties to the Patent Office interference, already mentioned, their assignees, and one licensee, under section 4915, R. S. (35 USCA § 63), to compel the issuance to Meissner of a patent for the invention. De Forest again prevailed on the facts and the bill was dismissed in 1927. A suit by Lang-

muir and the General Electric Company against De Forest and others in the same District Court was brought under section 4915, R. S., to secure the patent for Langmuir, and again De Forest was victorious and the bill was dismissed. Appeals from these decrees were taken and heard in the Circuit Court of Appeals for the Third Circuit, where both were affirmed in one opinion. See Westinghouse Electric & Mfg. Co. v. De Forest Radio T. & T. Co. (C. C. A.) 21 F.(2d) 918. The Supreme Court granted a petition for a writ of certiorari and after hearing affirmed the decree of the Circuit Court of Appeals for the Third Circuit in a per curiam opinion reading: "Affirmed on the authority of Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 L. Ed. 657; Victor Talking Machine Co. v. Brunswick-Balke-Collender Co., 273 U. S. 670, 47 S. Ct. 474, 71 L. Ed. 832." 278 U. S. 562, 49 S. Ct. 34, 73 L. Ed. 507.

The plaintiff insists that the decree of the Supreme Court bars this defendant from contesting the validity of the patents in suit on the ground that they were anticipated by Armstrong except by introducing new evidence so potent that the trier can be confident that had such new evidence been in the record before the Supreme Court it would have changed the result.

Were this action between the same parties that would be so under Morgan v. Daniels, supra. But it does not necessarily follow when a third party is sued for infringement of the patents awarded to De Forest. Compare Gold v. Newton (C. C. A.) 254 F. 821. If the doctrine of Morgan v. Daniels extends as far as the plaintiff here claims, it means that the express provision in section 4918, R. S. (35 USCA § 66), that "no such judgment or adjudication shall affect the right of any person except the parties to the suit and those deriving title under them subsequent to the rendition of such judgment," and the provision in section 4914, R. S. (35 USCA § 62), relating to appeals from decisions of the Commissioner of Patents that "no opinion or decision of the court in any such case shall preclude any person interested from the right to contest the validity of such patent in any court wherein the same may be called in question," have been so limited that a third party sued as an infringer is bound to the same extent that a party would be under Morgan v. Daniels, supra. That this cannot be so seems assured both on principle and because in Morgan v. Daniels the effect of the decision was expressly con-

fined to the parties to the litigation. Moreover, in Butler v. Shaw (C. C.) 21 F. 321, 327, it was pointed out that in accordance with section 4918, R. S., "in the case of a similar bill between parties interested in interfering patents, the judgment cannot affect the right of any person except the parties to the suit, and those subsequently deriving title under them." Butler v. Shaw was cited in Morgan v. Daniels but without comment on this phase of it, so it cannot be said that this statement was approved. There is, however, this to be said for it: It follows the language of the statute. It gives a stranger who is sued on a patent the same right to contest which he would have had there been no interference, and puts a patentee, whether he has been forced to establish his right to a patent as against a claimant or not, under the same necessity for proving his patent valid when he claims some third party has infringed that he would be under if his right to the patent had not been questioned. Were we to adopt the rule which the plaintiff is here seeking to establish, litigation under section 4918, R. S., would result in giving to the successful party a judgment in the nature of one in rem and, if the contest in interference has been thorough, would from a practical standpoint establish the validity of the patent as against every claimed infringer. Certainly such a rule would be so far reaching and so contrary to the general principle that decrees in personam only bind parties and their privies that we should not press the decision in Morgan v. Daniels so far without some clear intimation from the Supreme Court that such was its effect. The express limitation in Morgan v. Daniels that the fact decided in the Patent Office (and of course this includes the Court of Appeals for the District of Columbia, which is an appellate tribunal of the Patent Office, Butterworth v. United States, 112 U. S. 50, 5 S. Ct. 25, 28 L. Ed. 656; Postum Cereal Co. v. Calif. Fig Nut Co., 272 U. S. 693, 47 S. Ct. 284, 71 L. Ed. 478) as to priority of invention between parties there contesting is "controlling upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which in character and amount carries thorough conviction," requires that we preserve the limitation as stated until and unless we are advised by the Supreme Court itself that such is no longer the law. Compare, Rousso v. First Nat. Bank (C. C. A.) 37 F.(2d) 281.

Accordingly, we are of the opinion that a defendant who is sued for infringement may contest the validity of a patent unrestricted as a matter of law by the fact that the patentee has in interference proceedings been awarded priority of invention provided the one so defending was neither a party to the proceedings in interference nor claims patent rights derived from one who was defeated in such proceedings.

■ It was shown that Armstrong was paying the expense of the defense in this suit. He, apparently, is a volunteer actuated by a desire to determine whether De Forest could prove, in accordance with the rules of law applicable in a suit against a third party he claimed has infringed his patents, that he (De Forest) was the first inventor. That being so, this defendant stands no differently so far as Morgan v. Daniels is concerned than it would were it financing its defense without the aid of Armstrong. He is not a party to this suit, and though he could not defend a claim for infringement by contesting the validity of these patents on the ground that he was the first inventor for he was a party to the interference proceedings, the defendant may do so and that none the less because he has seen fit to relieve it of the financial burden.

The additional ground upon which the Supreme Court affirmed the decree in Westinghouse Electric & Mfg. Co. v. De Forest Tel. & Tel. Co., supra, was on the authority of Victor Talking Machine Co. v. Brunswick-Balke-Collender Co., 273 U. S. 670, 47 S. Ct. 474, 71 L. Ed. 832, which was decided (1) on the authority of Morgan v. Daniels, supra, and (2) on that of cases cited to the well-established rule that where both the District Court and the Circuit Court of Appeals have made concurrent findings on questions of fact such findings will be accepted by the Supreme Court, when reviewing the decision in the action in which they were made, unless they are clearly shown to be erroneous. The findings that De Forest was the first inventor, error not having been plainly shown, were taken to be established in that case and that was sufficient to require an affirmance in that action. There was no occasion for the Supreme Court to do more than search the record to determine whether there was clearly error in the findings. No such error appearing, the affirmance followed and became binding on the parties and their privies.

■ Whether any question of fact upon which that affirmance was based is binding upon this defendant depends now upon whether, by accepting the concurrent findings of fact under the rule of the Victor Talking Machine Case and applying the doc-

trine of Morgan v. Daniels, the Supreme Court decided a question of fact itself. If it did, we are bound by the facts so found, since such a finding would lay the issue on substantially the same evidence in any subsequent litigation on the patent in a subordinate court even where new parties are involved. National Folding-Box & Paper Co. v. American Paper Pail & Box Co. (C. C.) 48 F. 913; Bowers Dredging Co. v. New York Dredging Co. (C. C.) 80 F. 119; American Bell Tel. Co. v. Southern Tel. Co. (C. C.) 34 F. 795.

However, this legal principle applies only when the same question of law or fact decided by the Supreme Court is before a subordinate court in a subsequent action. Consolidated Rubber Tire Co. v. Ferguson (C. C. A.) 133 F. 756. The affirmance in Westinghouse Electric & Mfg. Co. v. De Forest Radio Tel. & Tel. Co., supra, of the decision of the Court of Appeals for the Third Circuit in so far as it was based on Morgan v. Daniels, supra, rests upon a matter of law relating to the quantum of evidence in a suit of that character necessary to be produced by a defeated party in interference proceedings to secure a reversal. In so far as it was based upon Victor Talking Machine Co. v. Brunswick-Balke-Collender Co., supra, it likewise rests upon matters of law to the effect (1) that Morgan v. Daniels applies to actions under section 4918, R. S., and (2) that findings of fact in which two subordinate courts have concurred will be accepted by the Supreme Court in reviewing the cause in which they were made. These legal principles were ample to support the decision of the Supreme Court in the cause before it; and the contention that that decision was based wholly upon them strikes home with overwhelming force. That gives the parties to that action all their rights under the law and denies to no other member of the public the right to make and vend a product, notwithstanding the patents in suit, unless those patents can be proved valid as against such claimed infringer by the party who sues upon them by complying with the usual rules of law which give such claimed infringer his own day in court and require the plaintiff to discharge the burden of proving validity. The decision of the Supreme Court was put on matters of law affecting the action of an appellate tribunal when asked to reverse a decision of a lower court which is claimed on appeal to have been in error in finding facts upon which the decision sought to be reversed was based. In applying these well-settled and salutary legal principles it was bound to affirm the decree before it. That in so doing it did not see fit

to stamp these patents with its approval of their validity, except to the extent that as against the claims of the rival inventors they would stand, seems to follow from the opinion which, we believe, held its decision to questions of law alone. "It is elementary that if from the decree in a cause there be uncertainty as to what was really decided, resort may be had to the pleadings and to the opinion of the court, in order to throw light upon the subject." National Foundry & Pipe Works v. Oconto City W. Supply Co., 183 U. S. 216, 234, 22 S. Ct. 111, 118, 46 L. Ed. 157. It is to be expected that when the parties to that cause obtained the full recognition of their rights, the rights of others who had had no opportunity to be heard were fully preserved to them. As the decision of the Supreme Court was put on questions of law which are not involved in this, the ordinary suit for infringement, we believe the defendant is free to defend on the merits by requiring the plaintiffs to bear the burden of proving facts essential to show that the patents are valid, as against it. Consolidated Rubber Tire Co. v. Ferguson, supra.

We have not overlooked the contention that because the petition for the writ of certiorari was based in part, at least, on a conflict in decision between this circuit and the third, as to whether Armstrong or De Forest was the first inventor, the decree of the Supreme Court may cut deeper than it otherwise would. This conflict between the circuits may have been an added reason for granting the writ. If so, it spent its force when the writ was granted and the cause was decided without touching upon it. The decision in this circuit had been in an infringement suit on the Armstrong patent and there is no reason to suppose that the Supreme Court in giving priority to De Forest over Armstrong on the question of patent rights intended to restrict any third party sued subsequently for infringing the De Forest patents from using what it could prove Armstrong had done simply because Armstrong could not establish his right as the first inventor in the face of the legal principles which were controlling in the cause before the court. This defendant, not so handicapped, in a suit of a different nature, has the right, we think, to the benefit of the principles of law which are applicable to infringement suits generally and may require the plaintiffs to discharge the burden of showing by a preponderance of the evidence that the patents are valid. Of course, they are aided by the usual presumption of validity which flows from the granting

of a patent, but the burden on all the evidence is still upon them.

■ On the merits the decisive question of fact is the same as it was in Armstrong et al. v. De Forest Radio Tel. & Tel. Co., supra, where the matter was considered carefully in this court and Armstrong found to be the first inventor. Had the District Judge been of the opinion, as we are, that the decision of the Supreme Court was based on questions of law not here involved, he would not have confined his consideration of the evidence to deciding whether or not any new proof was present which would have led the Supreme Court to reverse instead of affirm. On the contrary, he would have entered a decree for the defendant on the authority of Armstrong et al. v. De Forest Radio Tel. & Tel. Co., supra. While we have the greatest respect for the conclusion which as been reached in the Third Circuit, we are confirmed by this record in the belief that Armstrong's discovery of the hitherto unknown existence of radio frequencies in the plate circuit and the regenerative feed-back of these frequencies to the grid circuit gave the necessary novelty to the invention; that the work of De Forest in 1912 did not disclose these essential facts to him or to any one else; and that the contrary results which have been reached on the facts have been due to a divergence of opinion as to what really was the invention. If when De Forest discovered audio frequencies in the plate circuit when he was trying to perfect his telephone repeater in 1912, the presence of radio frequencies in that circuit was to be taken as a matter of course, the notebook entries of Van Etten may be read in that light and stretched to cover Armstrong's invention. That such a thing could be so obvious in 1912 seems impossible both because of the then uncertain state of the art and because De Forest, a recognized genius in the field, could hardly have made such a discovery without promptly taking steps to protect it. That he did not is highly significant and leaves the claims he advanced after Armstrong's discovery became known faced with the inconsistency of his own inaction. There can be no good purpose served by discussing again the very intricate technical features involved. If we are right in our opinion that the Supreme Court has not already decided the fact of priority in favor of De Forest and that this defendant may be heard on the merits fully, we are convinced that there is nothing in this record to warrant any modification of the facts upon which our former decision was based and that the reasons given in the opinion for the decision in that case apply with equal force here. If we have misconceived the scope and effect of the decision of the Supreme Court in Westinghouse Electric & Mfg. Co. v. De Forest Radio Tel. & Tel. Co., supra, or have been mistaken in regard to the real subject-matter of the invention, whatever error has led us to the result we have reached will be corrected by superior authority. In our view, the patent to De Forest and Longwood covers nothing of importance in this appeal.

Decree reversed, with directions to enter a decree dismissing the bill of complaint, with costs to the defendant.

SWAN, Circuit Judge, dissents with opinion.

SWAN, Circuit Judge (dissenting).

The evidence in the present record is substantially the same as was that in the case which went to the Supreme Court on appeal from the Third Circuit. So Judge Campbell found, and the appellant does not really dispute it. Upon such evidence the Circuit Court of Appeals for the Third Circuit awarded De Forest priority of invention over Armstrong, and the Supreme Court, in affirming, necessarily adopted that finding. Armstrong is financing the defense of the present suit and is obviously trying to obtain from us a decision that the De Forest patents are invalid in order that he may again argue before the Supreme Court the issue upon which he was previously defeated. No new evidence has been presented and no new arguments are advanced; the argument is merely that the Third Circuit decision was wrong. It is true that Armstrong is not the defendant so that no principle of res judicata is applicable; but since the Supreme Court accepted that decision as correct, I think we should do likewise on the same record. Even patent litigation should some time reach an end, and on the issue of priority between Armstrong and De Forest I would hold that the end was reached, in the absence of new evidence, when the Supreme Court rendered its judgment in Westinghouse Electric & Mfg. Co. v. De Forest Radio Tel. & Tel. Co., 278 U. S. 562, 49 S. Ct. 34, 73 L. Ed. 507. Compare Rousso v. Barber, 3 F.(2d) 740 (C. C. A. 3), and Rousso v. First Nat. Bank, 37 F.(2d) 281, 284 (C. C. A. 6). In my opinion the decree should be affirmed.